UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES INC., <br> Plaintiff, <br> v. <br> EVOLVE BANK & TRUST, <br> Defendant. | Case No. 24-cv-06456-TLT (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 62 |

The parties have a dispute about whether discovery should be stayed while Evolve's motion to dismiss remains pending. ECF No. 62. Evolve proposes that discovery should be stayed until 30 days after a ruling on its motion to dismiss the First Amended Complaint.

This is one of those times when the case schedule answers the question. Under the current case schedule, fact discovery closes on December 19, 2025. ECF No. 35. Evolve's motion to dismiss is noticed for a hearing on October 28, 2025. ECF No. 65. If Evolve's motion is decided on the same day the hearing takes place, then under its proposal, discovery would be unstayed on November 27, then close 22 days later. That's obviously unworkable. Accordingly, Evolve's motion to stay discovery is **DENIED**.

Separately, Plaintiff offers a compromise proposal in which Evolve would produce certain categories of documents while the motion to dismiss is pending, and Plaintiff requests that the close of fact discovery be extended to eight months after the motion to dismiss is ruled on. However, any requests to change the case schedule must be directed to Judge Thompson.

In addition, Evolve requests leave to file a motion for a protective order. While the Court's Discovery Standing Order does not contemplate formal discovery motions, if Evolve wants to argue for a protective order, the parties should file a joint discovery letter brief in which they set

forth their respective arguments.

**IT IS SO ORDERED.**

Dated: July 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2