UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>EVOLVE BANK & TRUST,<br><br>    Defendant. | Case No. 3:24 CV-06456-TLT<br><br>**JOINT DISCOVERY LETTER**<br><br>Trial Date: June 21, 2027<br>Date Action Filed: Sept. 13, 2024 |

Pursuant to this Court's October 1, 2025 Discovery Order (Dkt. No. 85) (the "Order"), the parties met and conferred in good faith to resolve their dispute concerning Plaintiff's RFP 1 prior to filing the letter but were unable to do so. Pursuant to the Order and the Court's Standing Order in Civil Cases § 21, Plaintiff and Defendant submit this joint letter addressing Plaintiff's request to compel Defendant to produce certain documents.

Dated: October 8, 2025                              Respectfully submitted,

Mandel Bhandari LLP                              Orrick, Herrington & Sutcliffe LLP


By: */s/ Rishi Bhandari*                              By: */s/ Aravind Swaminathan*
RISHI BHANDARI                                   ARAVIND SWAMINATHAN
Attorney for Plaintiff                                Attorney for Defendant
Yotta Technologies Inc.                              Evolve Bank & Trust

### I. Defendant's Section

Since the Court's Discovery Order and hearing on the Parties' discovery dispute on October 1, 2025, the Parties have conferred at length by videoconference and email and were able to reach agreement as to all issues pertaining to RFP 1 except one. The sole remaining issue is Yotta's insistence that Evolve produce, to the extent they exist, any documents provided to the Department of Justice, any offices of the United States Attorney General, and/or any state or federal entity in connection with grand jury proceedings.

As Evolve has explained to Yotta at length, in numerous situations the government can invoke statutory restrictions on the ability of grand jury subpoena recipients to disclose the mere existence of a grand jury subpoena, not to mention who received such a subpoena or the documents sought. To be clear, Evolve is neither confirming nor denying the existence of a grand jury investigation. Period. If a grand jury investigation exists or existed—and (again) Evolve is not saying one does or did—as a financial institution, Evolve's disclosure of a grand jury investigation or what documents were produced in response thereto could subject it to criminal penalties. *See, e.g.*, 12 U.S.C. § 3420(b); 18 U.S.C. § 1510(b). Accordingly, Evolve proposed excluding such entities from Yotta's definition of "Regulators" for RFP 1. Yotta rejected that narrowing. Nonetheless, Evolve's proposal to Yotta with respect to this RFP made clear that the Bank would not withhold any documents that were otherwise responsive to Yotta's other requests on the basis that they may have been produced in response to a hypothetical grand jury investigation.

In response, Yotta said it would agree to that limitation only if Evolve agreed to the following:

> "To the extent that Evolve produced any documents to the DOJ/USAO/federal or state grand jury, Evolve will produce those documents to the extent that they are responsive to any of Yotta's document requests other than RFP 1. The documents will be produced without regard to any of Evolve's objections (except as to the attorney-client privilege)."

Stated differently, Yotta asked Evolve to waive all of its other objections (including attorney work product, the bank examination privilege, confidential supervisory information, and any overbreadth and/or vagueness objections) to Yotta's seventy-three other requests, as to any documents (to the extent they exist), that were produced to DOJ/USAO/federal or state grand jury. That proposal is unworkable for multiple reasons.

First, Evolve cannot waive the bank examination privilege because the privilege belongs to the Bank's prudential regulators, not Evolve. Second, Evolve should not be forced to waive all other privileges and protections because it is complying with federal law and the federal rules. Third, Yotta's proposal simply makes no sense. Evolve and Yotta have been working diligently to reach an agreement on the proper scope of Yotta's voluminous requests, which in many cases are facially overbroad and would sweep in material entirely irrelevant to Yotta's claims. There is no reason to apply a different responsiveness standard to this hypothetical set of documents. Finally, Yotta's contention that there would not be any burden in producing any hypothetically previously produced documents because they would have already been screened for responsiveness and privilege is pure speculation.

Evolve respectfully requests that the Court resolve this dispute in its favor, consistent with Evolve's proposal to Yotta to resolve this dispute, for the following reasons:

Rule 6 protects the secrecy of grand jury proceedings. Fed. R. Crim. P. 6. By asking for all documents that may have been produced to a grand jury, Yotta's proposal "treads too close to impeding upon the sanctity of the grand jury" and should not be permitted. *FTC v. AMG Servs., Inc.*, No. 212-CV-536-GMN-VCF, 2015 WL 176417, at *7 (D. Nev. Jan. 14, 2015) (explaining that "[a] fair reading of the [FTC's] request" for "all documents produced by You in connection

with grand jury proceedings" indicated that the FTC was "seek[ing] documents because they were submitted to a grand jury") (emphasis added). Yotta's request for "any documents produced to the DOJ/USAO/federal or state grand jury" is by definition a request solely for the fact that such documents may have been produced to those entities. It is not, as is permitted in this Circuit, a request for documents "sought for their own sake" but instead is an impermissible request for documents solely to "learn what happened before the grand jury" and is therefore prohibited by law. *Id.* Indeed, the Ninth Circuit has recognized that "learning which documents were subpoenaed by the grand jury may disclose the grand jury's deliberative process." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1412, n.2 (9th Cir. 1993). And this is precisely that type of "rare and unusual" request that the Ninth Circuit has held is impermissible. *Id.* Yotta does not seek the information requested because it is pertinent to its claims alleged in this case, as is evident from the broad nature of the request itself for "any documents produced to the DOJ/USAO/federal or state grand jury." Yotta seeks this information, to the extent it even exists, for no legitimate or particularized purpose other than that it may have been disclosed to the "DOJ/USAO/federal or state grand jury." The court should not allow such gamesmanship to circumvent Rule 6's clear prohibition against disclosure.

Tellingly, at no point in its discussions with Evolve did Yotta even attempt to state a "particularized need" for such information if it exists. *See United States v. Hussain*, No. 13-CR-00408-JST, 2015 WL 4638451, at *5 (N.D. Cal. Aug. 4, 2015) ("A party seeking disclosure must offer more than speculation to overcome the secrecy of the grand jury."); *Maria De La O v. Arnold-Williams*, No. cv-04-0192-EFS, 2005 U.S. Dist. LEXIS 59758, *15 (E.D. Wash. June 21, 2005) ("[T]he requesting party must make a showing of particularized need for disclosure of grand jury materials."). This is not surprising because, Yotta cannot show such need for any such hypothetical documents given, because if any such documents existed and were relevant to Yotta's claims, they would be captured and produced in response to the seventy-three other requests for documents propounded by Yotta—which is precisely what Evolve offered as a compromise on this issue.

As a final point, Yotta suggests that it would not be burdensome to reproduce documents produced in response to a grand jury, if they exist, without considering whether the production includes Confidential Supervisory Information or information subject to the bank examination privilege. Evolve intends to comply with its obligations and the Court's guidance as to its assertion of these privileges, but Yotta's request that Evolve provide a blanket waiver of these privileges for the documents at issue, if they exist, is wholly improper. Such documents, as explained in Evolve's briefing concerning these privileges in the Parties' previously-submitted joint discovery letter, Dkt. 47 at 5, are afforded different treatment.

## II.    Plaintiff's Section

RFP 1 covers documents that Evolve collected and provided to (i) Regulators (as that term is defined in the Requests), and (ii) the Synapse Trustee. As discussed at the October 1, 2025 hearing, these documents are highly relevant to the claims at issue in this case as the Regulators and the Trustee were investigating the circumstances leading to the massive loss of end users' money.

The parties have been able to reach an agreement as to documents produced to the Synapse Trustee. The parties have also been able to reach an agreement as to all Regulators (as that term is defined in the Requests) except the following ones: the United States Department of Justice, the Offices of the United States Attorney, and any federal or state grand juries (together, the "Investigators").

Evolve has taken the position that it cannot even disclose the existence of any of the Investigators' inquiries or subpoenas without violating federal criminal laws, much less produce responsive documents. While Yotta does not believe that identification of these documents would

violate the law, there is a simple solution to this dispute: to the extent that Evolve produced any documents to the Investigators, Evolve will re-produce those documents to Yotta to the extent that they are responsive to any of Yotta's document requests other than RFP 1. Under this proposal, the documents would be produced without regard to any of Evolve's objections (except as to the attorney-client privilege). Privileged documents would be logged. Further, Evolve will not have to disclose which documents were produced to the Investigators.

This compromise addresses Evolve's concerns while ensuring Yotta receives documents directly relevant to the claims and defenses at issue in this case. Although it is unclear whether Evolve ever produced a document to a grand jury, Evolve cites two sources for the baseless proposition that documents that have been produced to a grand jury are shielded from discovery in a civil case. First, Evolve cites Fed. R. Crim. Proc. 6(e). However, Rule 6(e)(2)(A) states that "[n]o obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Rule 6(e)(2)(B) imposes confidentiality on persons such as grand jurors, prosecutors, court reporters, and interpreters. It does *not* impose confidentiality obligations on witnesses, which is what Evolve may or may not be. Further, the Ninth Circuit has explicitly rejected Evolve's argument that a document becomes immune from discovery merely because it is produced to a grand jury. *See United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411–12 (9th Cir. 1993) ("Rule 6(e) 'is intended only to protect against disclosure of what is said or takes place in the grand jury room ... it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury.' Thus, if a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release.") (internal citation omitted; ellipsis in original).

Second, Evolve cites federal statutes for the proposition that a financial institution's production of a document to a grand jury—which Evolve is not even saying occurred in this case—shields the document from civil discovery. Again, that is not the law. A financial institution "cannot withhold producing a document in response to a document request which identifies documents without reference to the terms 'subpoena' or 'grand jury' merely because the document was produced in response to a grand jury subpoena." *In re Mezvinsky*, No. 00-10745DWS, 2000 WL 33950697, at *7 (Bankr. E.D. Pa. Sept. 7, 2000).

To be clear, all of the documents produced to the Investigators were necessarily created before their production, and Yotta has no interest whatsoever in learning which documents were or were not produced to Investigators. That is precisely why Yotta is not asking Evolve to disclose what, if anything, was produced to any grand jury.

Evolve asserts that, with respect to documents that have been produced to Investigators, it may continue to assert other objections to requests other than RFP 1 thereby withholding the documents from production. This position has no merit. Documents that have already been produced to the Investigators can be re-produced to Yotta without any meaningful burden. The responsiveness and privilege review has already been completed. Evolve could satisfy its obligation in this case with respect to these documents by simply re-producing them to Yotta. To the extent that some subset of these documents are not responsive to Yotta's requests (other than RFP 1) and Evolve wants to take the time to remove that subset from the production, Evolve is free to do so. To put it another way, it would be disingenuous for Evolve to argue that requests other than RFP 1 are vague or burdensome if Evolve has already produced the documents responsive to those requests and could re-produce them by simply pushing a button.

Moreover, Evolve's position here is inconsistent with its position regarding another category of Regulators—financial regulators such as the Federal Reserve, the Arkansas state banking regulator, and FINRA. With respect to those agencies, Evolve has agreed that it will produce to Yotta or log all documents produced to those agencies. There is no reason why

documents produced to the Investigators would be less relevant to the instant case than documents that Evolve produced to its financial regulatory agencies.

Finally, Evolve claims that this application requires it to waive the bank examination privilege or the confidential supervisory information privilege. This is a red herring. These privileges protect certain communications with banking regulators. They do not protect communications with the Investigators. And they do not immunize from disclosure a document created in the ordinary course of a bank's business that was produced to a banking regulator any more than a client's delivery of a business record to her attorney immunizes the business record from discovery.

Yotta respectfully requests that the Court order Evolve to produce all documents provided to the Investigators only to the extent such documents are responsive to Requests other than RFP 1. Evolve should not withhold such documents on the basis of any objection other than attorney-client privilege, but can make such production without in any way identifying that the document was originally produced in connection with such investigations.