# Exhibit A

ARAVIND SWAMINATHAN (PRO HAC VICE)
aswaminathan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

MARC R. SHAPIRO (PRO HAC VICE)
mrshapiro@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 3546
Facsimile: +1 212 506 5151

SARAH DAVIS (STATE BAR NO. 275145)
sdavis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant Evolve Bank & Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES INC.,<br>Plaintiff,<br><br>v.<br><br>EVOLVE BANCORP, INC. and EVOLVE<br>BANK & TRUST,<br><br>Defendants. | Case No. 3:24 CV-06456-TLT<br><br>**DEFENDANT EVOLVE BANK &<br>TRUST'S OBJECTIONS AND<br>RESPONSES TO YOTTA<br>TECHNOLOGIES INC.'S FIRST<br>REQUEST FOR PRODUCTION OF<br>DOCUMENTS AND THINGS** |

PROPOUNDING PARTY:    YOTTA TECHNOLOGIES INC.

RESPONDING PARTY:    EVOLVE BANK & TRUST

SET NUMBER:    ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Evolve Bank & Trust ("Evolve" or "Defendant") submits the following objections and responses to Plaintiff Yotta Technologies Inc.'s ("Yotta") First Request for Production of Documents and Things (the "Requests").

## **PRELIMINARY STATEMENT**

Evolve's responses to the Requests are based on information reasonably available to Evolve at this time. Evolve anticipates that further documents may be discovered as discovery in this case progresses, and therefore reserves the right to modify or supplement its responses with any information or documents that may be subsequently discovered. Evolve assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents, or things discovered following service of these responses, except to the extent required by Federal Rule of Civil Procedure 26(e). No response herein should be construed to be a representation that documents responsive to the Requests in fact exist. Neither these responses nor the production of documents by Evolve should be deemed to be an admission of the truth or accuracy of any characterization or conclusion contained in the Requests, or as to the admissibility of the requested information or documents. To the extent that any Request seeks documents that are also sought by or identified pursuant to any other Request, Evolve declines to produce or identify multiple copies of such documents, and states that each document produced or identified pursuant to any Request is also produced pursuant to every other Request to which it is or may be responsive.

## **GENERAL OBJECTIONS**

Evolve asserts the following General Objections to the Requests. These objections apply to all of Evolve's responses and shall be deemed incorporated to each and every specific Request. To the extent that a particular General Objection is cited in a specific response, it is provided because it is believed to be particularly applicable to the specific Request, and all other General

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

2

CASE NO. 3:24 CV-06456-TLT

1    Objections still apply to that response and are not waived.  The lack of a specific objection by

2    Evolve to a particular, individual Request shall not be construed as an admission that responsive

3    information exists.

4          1.      Evolve objects to the Requests to the extent they seek information beyond that

5    presently available to Evolve from a reasonable search of its own records and a reasonable inquiry

6    of its present employees.  In responding to the Requests, Evolve states that it has conducted, or will

7    conduct, a diligent search, reasonable in scope, of those files and records in Evolve's possession,

8    custody, or control believed to be most likely to have documents responsive to the Requests.

9    Evolve has not, however, undertaken to search or review all of the files and records in Evolve's

10   possession, custody, or control.  Nor has Evolve solicited documents from every individual

11   employed by Evolve, because to do so would be unduly burdensome and expensive.  Evolve has

12   not completed its discovery, investigation, research, and/or trial preparation in this Action.  The

13   following responses are based solely on the information presently available and specifically known

14   to Evolve.  The following responses are given without prejudice to Evolve's right to produce

15   evidence of any subsequently discovered information.  Evolve reserves the right to amend any and

16   all responses herein as additional information is ascertained.  Evolve's objections as set forth herein

17   are made without prejudice to Evolve's right to assert any additional or supplemental objections

18   should Evolve discover additional grounds for such objections.

19         2.      Evolve objects to the Requests, and the definitions and instructions contained

20   therein, to the extent that they seek documents and/or information protected from disclosure by the

21   attorney-client privilege, the work product doctrine, the bank examination privilege, restrictions on

22   disclosing confidential supervisory information, and/or any other applicable privilege, as well as

23   documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et*

24   *seq*., or Ark. Code Ann. § 23-46-101.  To the extent that Evolve inadvertently produces any

25   information falling within any applicable privilege or protection, Evolve does not waive the

26   applicable privilege/objection.

27         3.      Evolve objects to the Requests to the extent that they seek disclosure of documents

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

3

CASE NO. 3:24 CV-06456-TLT

and/or information that constitute or evidence confidential, commercially sensitive, trade secret, and/or proprietary business information.  To the extent such documents are subject to production, they would be produced only subject to a stipulated protective order entered between the Parties in this Action.

4.     Evolve objects to the Requests to the extent that they do not describe with reasonable particularity the matters on which documents are requested, are vague, ambiguous, overly broad in scope and/or as to time, uncertain as to time, unduly burdensome, harassing, oppressive, or seek information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence, and/or are not proportional to the needs of the case.

5.     Evolve objects to the Requests, and the Definitions and Instructions contained therein, to the extent they purport to impose on Evolve obligations in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law, rule, or order.

6.     Evolve objects to the Requests, and the definitions and instructions contained therein, to the extent that they are unreasonably cumulative or duplicative because the requested documents can be obtained from other sources that are more convenient, less burdensome, or less expensive.

7.     Evolve objects to the Requests to the extent they seek documents or information that is already in Plaintiff's possession, is publicly available, and/or is otherwise equally accessible to Plaintiff.

8.     Evolve objects to the Requests, and the definitions and instructions contained therein, to the extent they seek "all" or "any" responsive information on the grounds that this language renders the Requests unduly burdensome, overly broad, and/or not proportional to the needs of the case.

9.     Evolve objects to the Requests to the extent that they seek documents that are not within Evolve's possession, custody, or control.

10.     Evolve objects to the Requests as unduly burdensome to the extent the Requests

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS                    4                    CASE NO. 3:24 CV-06456-TLT

require Evolve to undertake unreasonable searches of its files and records.

11.     These responses are made solely for the purpose of this Action and are subject to all objections to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial. Nothing contained in these responses shall in any way limit Evolve's ability to supplement its responses and/or make all uses at trial or otherwise of the information or documents referenced herein, or of any information, documents or other evidence that may be discovered in the future.

12.     No incidental or implied admissions are intended by these responses. The fact that Evolve has responded or objected to any Request or part thereof shall not be deemed an admission that Evolve accepts or admits to the existence of any facts set forth or assumed by such Request, or that the response or objection constitutes admissible evidence. The fact that Evolve answered part or all of any Request is not intended to be, and shall not be construed as, a waiver by Evolve of any part of any objection to any Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Evolve objects to the definition of "Yotta" as overly broad, unduly burdensome, vague, ambiguous, seeking information irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case to the extent that it applies to Plaintiff's agents, consultants, lawyers, advisors, or anyone working on its behalf. For purposes of these Responses and Objections, Evolve shall define "Yotta" as Yotta Technologies Inc.

2.     Evolve objects to the definition of "Yotta End User" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeking information irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case to the extent it encompasses persons who did not have a demand deposit account with Evolve.

3.     Evolve objects to the definition of "Bancorp" as overly broad, unduly burdensome, vague, ambiguous, seeking information irrelevant to any party's claim or defense in this Action,

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS                    5                    CASE NO. 3:24 CV-06456-TLT

and not proportional to the needs of the case to the extent it encompasses predecessors, subsidiaries, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and other acting on its behalf. For purposes of these Responses and Objections, Evolve shall define "Bancorp" as Evolve Bancorp, Inc.

3.      Evolve objects to the definitions of "Bank & Trust," "Defendant," "You," and "Your" as overly broad, unduly burdensome, vague, ambiguous, seeking information irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case to the extent they encompass predecessors, subsidiaries, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and other acting on its behalf. The responses provided herein are made on behalf of Evolve only and not for any other individuals or entities.

4.      Evolve objects to the definition of "Synapse" as overly broad, unduly burdensome, vague, ambiguous, seeking information irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case to the extent it encompasses predecessors, subsidiaries, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and other acting on its behalf. For purposes of these Responses and Objections, Evolve shall define "Synapse" as Synapse Financial Technologies, Inc.

5.      Evolve objects to the definition of "Synapse End User" as overly broad, unduly burdensome, vague, ambiguous, seeking information irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case to the extent it encompasses persons who are not also Yotta users who had a demand deposit account with Evolve.

6.      Evolve objects to the definition of "Regulator" as overly broad, unduly burdensome, vague, ambiguous, seeking information irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case to the extent it encompasses entities that do not regulate Evolve.

7.      Evolve objects to the definition of "Communication" to the extent it includes transfers of information which do not have a corporeal form (e.g. telephone conversations and face-

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

6

CASE NO. 3:24 CV-06456-TLT

to-face conversations), because, by definition, they are not subject to production. Evolve further objects to the definition of "Communication" to the extent it seeks to have Evolve search for and produce items outside of the bounds of any agreement the Parties may reach on electronically stored information ("ESI"), or purports to impose any obligations with respect to the production of ESI that are different from or in addition to those imposed by the Federal Rules of Civil Procedure and the Rules of the Northern District of California. Accordingly, for purposes of responding to these Requests, Evolve understands the term "Communication" to be limited to items that the Parties agree to search for and produce, via agreed-upon methodologies.

8.      Evolve objects to the definition of "Document" to the extent it seeks to have Evolve search for and produce items outside of the bounds of any agreement the Parties may reach on ESI, or purports to impose any obligations with respect to the production of ESI that are different from or in addition to those imposed by the Federal Rules of Civil Procedure and the Rules of the Northern District of California. Further, Evolve objects to the extent the definition purports to include materials Evolve previously had, but no longer has, access to. Accordingly, for purposes of responding to these Requests, Evolve understands the term "Document" to be limited to items that the Parties agree to search for and produce, via agreed-upon methodologies.

9.      Evolve objects to the definitions of "Person" and "Persons" on the grounds that they render each Request incorporating the definitions to be compound, vague, ambiguous, and overbroad because they include natural persons, partnerships, joint ventures, and/or every other form of legally recognized entity, including but not limited corporations.

10.      Evolve objects to the definition of "Including" on the grounds that it renders each Request incorporating the definition to be compound, vague, ambiguous, overbroad, and not proportional to the needs of the case.

11.      Evolve objects to the definitions of "relating to," "regarding," "referencing," "arising out of," "concerning" and their cognates on the grounds that they render each Request incorporating the definitions to be compound, vague, ambiguous, overbroad, and not proportional to the needs of the case.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

7

CASE NO. 3:24 CV-06456-TLT

12.     Plaintiffs object to the definitions of "Electronically Stored Information" and "ESI" to the extent they seek to have Evolve search for and produce items outside of the bounds of any agreement the Parties may reach on ESI, or purport to impose any obligations with respect to the production of ESI that are different from or in addition to those imposed by the Federal Rules of Civil Procedure and the Rules of the Northern District of California.

13.     Evolve objects to the definition of "financial statements," on the grounds that it renders each Request incorporating the definition to be compound, vague, ambiguous, overbroad, and not proportional to the needs of the case.

14.     Evolve objects to the Instructions, and in particular Instruction Nos. 2-10, to the extent that they purport to require Evolve to do anything by way of response beyond what is required by the Federal Rules of Civil Procedure, any applicable Rules of the Northern District of California, and any agreement regarding ESI that the Parties may reach or that the Court may enter. To the extent the Instructions purport to impose obligations regarding documents and information Evolve previously had, but no longer has, access to, or to documents or information that were never in Evolve's possession, custody, or control, such requirements are beyond any obligations set forth in the Federal Rules of Civil Procedure and would subject Evolve to significant burden and expense. Evolve will provide responses based only on information within its possession, custody, or control, as set forth more fully in its responses herein.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents related to Yotta, Yotta End Users (including the Yotta End User funds), or Synapse that Defendant has provided to Regulators, the Synapse Trustee, or any other person or entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents related to Yotta,

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

8

CASE NO. 3:24 CV-06456-TLT

Yotta End Users (including the Yotta End User funds), or Synapse that Defendant has provided to" any person or entity because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents related to Yotta, Yotta End Users, or Synapse regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meanings of "related to" and "Yotta End User funds" are vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta.

Subject to and without waiving any of the foregoing objections, Evolve will produce all documents publicly filed by Evolve in the Synapse bankruptcy proceeding, exemplar account agreements provided to Yotta End Users (including without limitation the agreement publicly posted on Yotta's bankingwithyotta.com website), exemplars of communications provided to Yotta End Users regarding the May 11, 2024 account freeze and subsequent reconciliation, and documents provided to Yotta by Evolve prior to February 13, 2020 (the date Yotta alleges it entered into an agreement with Synapse), as well as communications with Yotta regarding compliance

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS                    9                    CASE NO. 3:24 CV-06456-TLT

issues, interest payments to Yotta End Users, and the contractual dispute between Evolve and Synapse described in the Complaint in this Action, and minutes from the bimonthly compliance meetings held with Yotta, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry, after a protective order has been entered in this Action.

**REQUEST FOR PRODUCTION NO. 2:**

All communications that Defendant has had with Regulators, the Synapse Trustee, or any other person or entity concerning Yotta, Yotta End Users (including the Yotta End User funds), or Synapse.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All communications" "concerning" Yotta, Yotta End Users (including the Yotta End User funds), or Synapse "that Defendant has had with" any person or entity because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all communications related to Yotta, Yotta End Users, or Synapse regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the phrase "any other person or entity" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101. Communications with "Regulators" falls squarely with the applicable privileges.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

10

CASE NO. 3:24 CV-06456-TLT

information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta. Evolve also objects to this Request to the extent it is duplicative of other Requests.

Subject to and without waiving any of the foregoing objections, Evolve will produce all documents publicly filed by Evolve in the Synapse bankruptcy proceeding, exemplar account agreements provided to Yotta End Users (including without limitation the agreement publicly posted on Yotta's bankingwithyotta.com website), exemplars of communications provided to Yotta End Users regarding the May 11, 2024 account freeze and subsequent reconciliation, and documents provided to Yotta by Evolve prior to February 13, 2020 (the date Yotta alleges it entered into an agreement with Synapse), as well as communications with Yotta regarding compliance issues, interest payments to Yotta End Users, and the contractual dispute between Evolve and Synapse described in the Complaint in this Action, and minutes from the bimonthly compliance meetings held with Yotta, to the extent such documents exist and are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry, after a protective order has been entered in this Action.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning the Consent Order or the investigation or inquiries that gave rise to it, including but not limited to all documents produced to the Arkansas State Bank Department or the Federal Reserve.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

11                CASE NO. 3:24 CV-06456-TLT

Evolve objects to this Request on the ground that it seeks "All documents concerning the Consent Order or the investigation or inquiries that gave rise to it" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents concerning the Consent Order regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "concerning" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce the June 11, 2024 Consent and Desist Order. The Request otherwise seeks confidential supervisory information prohibited from disclosure.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any violations of law or regulations by Defendant identified in the Federal Reserve Bank of St. Louis August 11, 2023 Report of Exam of Evolve.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents relating to any violations of law or regulations by Defendant identified in the Federal Reserve Bank of St. Louis August 11, 2023 Report of Exam of Evolve" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents regarding any violation identified in the August 11, 2023 Report of Exam of Evolve regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101. Communications relating to the August 11, 2023 Report of Exam are confidential supervisory information prohibited from disclosure.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to the Board Oversight Improvement plan, Risk Management Improvement plan, Consumer Compliance Management plan, Consumer Compliance Review, Capital Risk Management plan, Risk Management plan, Lending and credit Risk Management

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

1 Policies and Procedures, Interest Rate Risk Management Plan, Information Technology and

2 Information Security Plan, Enhanced Written Internal Audit Program, Compliance Report,

3 BSA/AML Compliance Program, Written Customer Due Diligence Program, Transaction

4 Monitoring System Report Program, Monitoring Procedures for International Wire Services,

5 Suspicious Acidity Monitoring and Reporting, Transaction Review, and/or OFAC Compliance

6 Plan described in the Consent Order.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8 Subject to and without waiving its general objections, as well as its objections to the

9 definitions and instructions, Evolve specifically objects as follows:

10 Evolve objects to this Request on the ground that it seeks "All documents relating to"

11 various documents described in the Consent Order because, on its face, the Request is overbroad,

12 unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery

13 into all documents "relating to" various documents described in the Consent Order regardless of

14 whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks

15 discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the

16 meaning of "relating to" is vague and ambiguous.

17 Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

18 client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

19 confidential supervisory information, and/or any other applicable privilege, as well as documents

20 prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

21 Code Ann. § 23-46-101.

22 Evolve also objects to this Request to the extent it is duplicative of other Requests.

23 Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

24 information that constitute or contain confidential or proprietary business information, trade

25 secrets, commercially sensitive information, and/or any other competitively sensitive information

26 that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

27 confidential or proprietary business information subject to a protective order entered between the

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

14

CASE NO. 3:24 CV-06456-TLT

1    Parties in this Action.

2         In light of the foregoing objections, Evolve will not produce documents in response to this

3    Request.

4    **REQUEST FOR PRODUCTION NO. 6:**

5         All documents concerning any allegation that Defendant violated any law, regulation, rule,

6    or policy that protects or is intended to protect depositors or end users.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

8         Subject to and without waiving its general objections, as well as its objections to the

9    definitions and instructions, Evolve specifically objects as follows:

10        Evolve objects to this Request on the ground that it seeks "All documents concerning any

11   allegation that Defendant violated any law, regulation, rule, or policy that protects or is intended to

12   protect depositors or end users" because, on its face, the Request is overbroad, unduly burdensome,

13   harassing, and not proportional to the needs of the case.  Because Yotta is not a depositor or end

14   user and does not seek relief on behalf of either, the Request expressly seeks discovery not relevant

15   to any party's claim or defense in this Action.  Evolve also objects that the meanings of

16   "concerning" and "intended to protect depositors or end users" are vague and ambiguous.

17        Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

18   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

19   confidential supervisory information, and/or any other applicable privilege, as well as documents

20   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

21   Code Ann. § 23-46-101.

22        Evolve also objects to this Request to the extent it is duplicative of other Requests.

23        Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

24   information that constitute or contain confidential or proprietary business information, trade

25   secrets, commercially sensitive information, and/or any other competitively sensitive information

26   that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

27   confidential or proprietary business information subject to a protective order entered between the

28

EVOLVE'S RESPS. &                    15              CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

1    Parties in this Action.

2        Subject to and without waiving any of the foregoing objections, Evolve will produce the

3    publicly filed complaints asserted against it pertaining to the May 11, 2024 account freeze.

4    **REQUEST FOR PRODUCTION NO. 7:**

5        All documents concerning any allegation from 2000 to the present that any business at

6    which Scot Lenoir works or worked or with which Lenoir is or was affiliated charged (a)

7    inappropriate, improper or unlawful fees or (b) fees that were not permitted by or were a breach of

8    a contract or agreement.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

10        Subject to and without waiving its general objections, as well as its objections to the

11    definitions and instructions, Evolve specifically objects as follows:

12        Evolve objects to this Request on the ground that it seeks "All documents concerning any

13    allegation" that a business affiliated with Scot Lenoir charged improper fees for an over 25-year

14    period, because, on its face, the Request is overbroad, unduly burdensome, harassing, and not

15    proportional to the needs of the case.  By seeking discovery of unspecified fees charged by other

16    businesses, the Request expressly seeks discovery not relevant to any party's claim or defense in

17    this Action.  Evolve also objects that the meaning of "concerning" is vague and ambiguous.

18        Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

19    client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

20    confidential supervisory information, and/or any other applicable privilege, as well as documents

21    prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

22    Code Ann. § 23-46-101.

23        Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

24    information that constitute or contain confidential or proprietary business information, trade

25    secrets, commercially sensitive information, and/or any other competitively sensitive information

26    that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

27    confidential or proprietary business information subject to a protective order entered between the

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

1    Parties in this Action.

2        In light of the foregoing objections, Evolve will not produce documents in response to this

3    Request.

4    **REQUEST FOR PRODUCTION NO. 8:**

5        All documents concerning any allegation from 2000 to the present that Evolve charged (a)

6    inappropriate, improper or unlawful fees or (b) fees that were not permitted by or were a breach of

7    a contract or agreement.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

9        Subject to and without waiving its general objections, as well as its objections to the

10   definitions and instructions, Evolve specifically objects as follows:

11       Evolve objects to this Request on the ground that it seeks "All documents concerning any

12   allegation" that Evolve charged improper fees since 2000 because, on its face, the Request is

13   overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking

14   discovery of unspecified fees charged by Evolve for twenty-five years, the Request expressly seeks

15   discovery not relevant to any party's claim or defense in this Action, particularly given that the

16   Complaint only references Account Analysis Charges and fees for TabaPay, Inc and admits that

17   Evolve was entitled to charge those fees to the Synapse Fee Account. Evolve also objects that the

18   meaning of "concerning" is vague and ambiguous.

19       Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

20   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

21   confidential supervisory information, and/or any other applicable privilege, as well as documents

22   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark.

23   Code Ann. § 23-46-101.

24       Evolve also objects to this Request to the extent it is duplicative of other Requests.

25       Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

26   information that constitute or contain confidential or proprietary business information, trade

27   secrets, commercially sensitive information, and/or any other competitively sensitive information

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

17

CASE NO. 3:24 CV-06456-TLT

that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request as written.  Evolve is willing to meet and confer regarding the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any allegation from 2000 to the present that Evolve committed fraud and/or breached its fiduciary duties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents concerning any allegation from 2000 to the present that Evolve committed fraud and/or breached its fiduciary duties" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery of any alleged fraud or breach of fiduciary duties by Evolve for twenty-five years, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action, particularly given that the Complaint is limited to alleged fraud against Yotta.  Evolve also objects that the meaning of "concerning" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

18    CASE NO. 3:24 CV-06456-TLT

1    secrets, commercially sensitive information, and/or any other competitively sensitive information

2    that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

3    confidential or proprietary business information subject to a protective order entered between the

4    Parties in this Action.

5         In light of the foregoing objections, Evolve will not produce documents in response to this

6    Request.

7    **REQUEST FOR PRODUCTION NO. 10:**

8         All communications that Defendant has had with any journalist or agent of any media

9    company concerning Yotta, Yotta End Users (including the Yotta End User funds), or Synapse.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11        Subject to and without waiving its general objections, as well as its objections to the

12   definitions and instructions, Evolve specifically objects as follows:

13        Evolve objects to this Request on the ground that it seeks "All communications that

14   Defendant has had with any journalist or agent of any media company concerning Yotta, Yotta End

15   Users (including the Yotta End User funds), or Synapse" because, on its face, the Request is unduly

16   overbroad, burdensome, harassing, and not proportional to the needs of the case.  Evolve also

17   objects that the meaning of "concerning" is vague and ambiguous.

18        Evolve also objects to this Request to the extent it is duplicative of other Requests.

19        Evolve further objects to this Request as unduly burdensome to the extent it seeks

20   documents equally available to Yotta because statements made to the media are public.

21        In light of the foregoing objections, Evolve will not produce documents in response to this

22   Request.

23   **REQUEST FOR PRODUCTION NO. 11:**

24        All documents and communications relating to Yotta.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26        Subject to and without waiving its general objections, as well as its objections to the

27   definitions and instructions, Evolve specifically objects as follows:

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

19

CASE NO. 3:24 CV-06456-TLT

Evolve objects to this Request on the ground that it seeks "All documents and communications related to Yotta" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents and communications relating to Yotta regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta. Evolve also objects to this Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request as written. Evolve is willing to meet and confer regarding the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to Yotta End Users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to and without waiving its general objections, as well as its objections to the

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

20    CASE NO. 3:24 CV-06456-TLT

definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications related to Yotta End Users" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents and communications relating to Yotta End Uses regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101. Evolve objects to the request to the extent that it calls for the production of information that is confidential under third parties' right to privacy, Cal. Const., art. 1, § 1.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta. Evolve also objects to this Request to the extent it is duplicative of other Requests.

Subject to and without waiving any of the foregoing objections, Evolve will produce exemplar account agreements with Yotta End Users and exemplars of communications provided to Yotta End Users regarding the May 11, 2024 account freeze and subsequent reconciliation, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

21

CASE NO. 3:24 CV-06456-TLT

1  uncovered after a diligent search and reasonable inquiry, after a protective order has been entered

2  in this Action.

3  **REQUEST FOR PRODUCTION NO. 13:**

4      All documents concerning any analysis, audit, review, report, or investigation of funds that

5  included the Yotta End Users' funds, including but not limited to the analysis conducted

6  by Kroll.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8      Subject to and without waiving its general objections, as well as its objections to the

9  definitions and instructions, Evolve specifically objects as follows:

10      Evolve objects to this Request on the ground that it seeks "All documents concerning any

11  analysis, audit, review, report, or investigation of funds that included the Yotta End Users' funds"

12  because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional

13  to the needs of the case.  Evolve also objects that the meanings of "relating to" and "Yotta End

14  Users' funds" are vague and ambiguous.

15      Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

16  client privilege, work product doctrine, trial-preparation protection under Federal Rule of Civil

17  Procedure 26, the bank examination privilege, restrictions on disclosing confidential supervisory

18  information, and/or any other applicable privilege, as well as documents prohibited from disclosure

19  pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

20      Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

21  information that constitute or contain confidential or proprietary business information, trade

22  secrets, commercially sensitive information, and/or any other competitively sensitive information

23  that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

24  confidential or proprietary business information subject to a protective order entered between the

25  Parties in this Action.

26      Evolve also objects to this Request to the extent it is duplicative of other Requests.

27      In light of the foregoing objections, Evolve will not produce documents in response to this

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS                    22              CASE NO. 3:24 CV-06456-TLT

1    Request.

2    **REQUEST FOR PRODUCTION NO. 14:**

3    All documents and communications relating to Defendant's management of funds

4    belonging to Yotta and Yotta End Users, including location, amounts, transfers, reserves, and

5    interest calculations.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7    Subject to and without waiving its general objections, as well as its objections to the

8    definitions and instructions, Evolve specifically objects as follows:

9    Evolve objects to this Request on the ground that it seeks "All documents and

10   communications relating to Defendant's management of funds belonging to Yotta and Yotta End

11   Users" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not

12   proportional to the needs of the case.  Because Yotta is not an Yotta End User and does not seek

13   relief for Yotta End Users, the Request expressly seeks discovery not relevant to any party's claim

14   or defense in this Action.  Evolve also objects that the meaning of "relating to" is vague and

15   ambiguous.

16   Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

17   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

18   confidential supervisory information, and/or any other applicable privilege, as well as documents

19   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

20   Code Ann. § 23-46-101.

21   Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

22   information that constitute or contain confidential or proprietary business information, trade

23   secrets, commercially sensitive information, and/or any other competitively sensitive information

24   that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

25   confidential or proprietary business information subject to a protective order entered between the

26   Parties in this Action.

27   Evolve further objects to this Request as unduly burdensome to the extent it seeks

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                    23         CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

1   documents equally available to Yotta. Evolve also objects to this Request to the extent it is

2   duplicative of other Requests.

3          Subject to and without waiving any of the foregoing objections, Evolve will produce

4   exemplar account agreements with Yotta End Users and exemplars of communications provided to

5   Yotta End Users regarding the May 11, 2024 account freeze and subsequent reconciliation, as well

6   as communications with Yotta regarding compliance issues, interest payments to Yotta End Users,

7   the contractual dispute between Evolve and Synapse described in the Complaint in this Action, and

8   the transfer of Yotta End User funds from Evolve to the Synapse Brokerage Cash Management

9   Program; and minutes from the compliance meetings held with Yotta, to the extent such documents

10  exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent

11  search and reasonable inquiry, after a protective order has been entered in this Action.

12  **REQUEST FOR PRODUCTION NO. 15:**

13         Documents sufficient to show the Yotta End User balances deposited with and/or held by

14  Defendant, including (i) the date and (ii) the amount of each deposit.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

16         Subject to and without waiving its general objections, as well as its objections to the

17  definitions and instructions, Evolve specifically objects as follows:

18         Evolve objects to this Request on the ground that it is overbroad, unduly burdensome,

19  harassing, not proportional to the needs of the case, and seeks discovery not relevant to any party's

20  claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for

21  Yotta End Users.

22         Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

23  client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

24  confidential supervisory information, and/or any other applicable privilege, as well as documents

25  prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

26  Code Ann. § 23-46-101.

27         Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                24                CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

1    information that constitute or contain confidential or proprietary business information, trade

2    secrets, commercially sensitive information, and/or any other competitively sensitive information

3    that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

4    confidential or proprietary business information subject to a protective order entered between the

5    Parties in this Action.

6             Evolve further objects to this Request as unduly burdensome to the extent it seeks

7    documents equally available to Yotta. Evolve also objects to this Request to the extent it is

8    duplicative of other Requests.

9             In light of the foregoing objections, Evolve will not produce documents in response to this

10   Request as written. Evolve is willing to meet and confer regarding the proper scope of this Request.

11   **REQUEST FOR PRODUCTION NO. 16:**

12            Documents sufficient to show how much Defendant has paid (either directly or indirectly)

13   to each Yotta End User, including (i) the date and (ii) the amount of each payment to each Yotta

14   End User.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

16            Subject to and without waiving its general objections, as well as its objections to the

17   definitions and instructions, Evolve specifically objects as follows:

18            Evolve objects to this Request on the ground that it is overbroad, unduly burdensome,

19   harassing, not proportional to the needs of the case, and seeks discovery not relevant to any party's

20   claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for

21   Yotta End User.

22            Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

23   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

24   confidential supervisory information, and/or any other applicable privilege, as well as documents

25   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

26   Code Ann. § 23-46-101.

27            Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                    25                CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta. Evolve also objects to this Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show how much Defendant has paid (either directly or indirectly) from each Yotta End User's funds, including (i) the date and (ii) the amount of each payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it is unduly overbroad, burdensome, harassing, not proportional to the needs of the case, and seeks discovery not relevant to any party's claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for Yotta End Users.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta. Evolve also objects to this Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications relating to the difference, if any, between (i) Yotta End User balances deposited with or held by Defendant and (ii) amounts Defendant have paid from each Yotta End User's funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it is overbroad, unduly burdensome, harassing, not proportional to the needs of the case, and seeks discovery not relevant to any party's claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for Yotta End Users.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

27

CASE NO. 3:24 CV-06456-TLT

secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta. Evolve also objects to this Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All transaction data relating to Yotta End Users, including transaction data from (i) the Federal Reserve, (ii) Defendant' records and (iii) the Synapse MongoDB database.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it is overbroad, unduly burdensome, harassing, not proportional to the needs of the case, and seeks discovery not relevant to any party's claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for Yotta End Users.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

28    CASE NO. 3:24 CV-06456-TLT

that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta.  Evolve also objects to this Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications with Ankura Consulting relating to Yotta End User accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications with Ankura Consulting relating to Yotta End User accounts" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  Evolve objects to this Request on the ground that it is unduly overbroad, burdensome, harassing, not proportional to the needs of the case, and seeks discovery not relevant to any party's claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for Yotta End Users.  Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, trial-preparation protection under Federal Rule of Civil Procedure 26, and/or any other applicable privilege.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS                    29                    CASE NO. 3:24 CV-06456-TLT

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications with experts, consultants, advisors, investigators or any other third-party (including but not limited to Kroll) relating to Yotta End User accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications with experts, consultants, advisors, investigators or any other third-party (including but not limited to Kroll) relating to Yotta End User accounts" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Evolve objects to this Request on the ground that it is unduly overbroad, burdensome, harassing, not proportional to the needs of the case, and seeks discovery not relevant to any party's claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for Yotta End Users. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, trial-preparation protection under Federal Rule of Civil Procedure 26, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS                    30                    CASE NO. 3:24 CV-06456-TLT

information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to Defendant's legal and/or contractual relationship with Yotta, including documents concerning any duties that Defendant owed to Yotta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to legal and/or contractual relationship with Yotta" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

31

CASE NO. 3:24 CV-06456-TLT

1   Parties in this Action.

2       Evolve further objects to this Request as unduly burdensome to the extent it seeks

3   documents equally available to Yotta.  Evolve also objects to this Request to the extent it is

4   duplicative of other Requests.

5       Subject to and without waiving any of the foregoing objections, Evolve states that it has no

6   contractual relationship with Yotta.  Evolve will not produce documents in response to this Request.

7   **REQUEST FOR PRODUCTION NO. 23:**

8       All documents and communications relating to Defendant's legal and contractual

9   relationship with Synapse, including (a) all documents concerning any duties that Defendant owed

10  to Synapse and/or Synapse owed to Defendant and (b) all documents any actual or alleged breach

11  of any such duties.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

13      Subject to and without waiving its general objections, as well as its objections to the

14  definitions and instructions, Evolve specifically objects as follows:

15      Evolve objects to this Request on the ground that it seeks "All documents and

16  communications relating to Defendant's legal and contractual relationship with Synapse" because,

17  on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the

18  needs of the case.  By seeking discovery into all documents "relating to" Evolve's relationship with

19  Synapse regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request

20  expressly seeks discovery not relevant to any party's claim or defense in this Action.  Evolve also

21  objects that the meaning of "relating to" is vague and ambiguous.

22      Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

23  client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

24  confidential supervisory information, and/or any other applicable privilege, as well as documents

25  prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

26  Code Ann. § 23-46-101.

27      Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

28

EVOLVE'S RESPS. &                    32                CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta.  Evolve also objects to this Request to the extent it is duplicative of other Requests.

Subject to and without waiving any of the foregoing objections, Evolve will produce agreements with Synapse pertaining to Yotta and communications with Synapse regarding any breaches by Synapse pertaining to Yotta End Users, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry, after a protective order is entered in this Action.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications relating to the legal and contractual relationships between and among Defendant, Synapse and Yotta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to the legal and contractual relationships between and among Defendant, Synapse and Yotta" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery into all documents "relating to" the relationships between Evolve, Synapse, and Yotta, regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action.  Evolve also objects that the meaning of "relating to" is vague and ambiguous.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

33

CASE NO. 3:24 CV-06456-TLT

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege and work product doctrine, and/or any other applicable privilege.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta because they are in Yotta's possession. Evolve also objects to this Request to the extent it is duplicative of other Requests.

Subject to and without waiving any of the foregoing objections, Evolve will produce any agreements with Synapse pertaining to Yotta, after a protective order has been entered in this Action.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications between Synapse and Defendant relating to funds related to Yotta or Yotta End Users, including location, amounts, transfers, and reserves.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications between Synapse and Defendant relating to funds related to Yotta or Yotta End Users" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Evolve also objects to this Request on the ground that seeks discovery not relevant to any party's claim or defense in this Action because Yotta is not a Yotta End User and does not seek relief for Yotta End Users. Evolve also objects that the meanings of "relating to" and "related to" are vague and ambiguous.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request as written. Evolve is willing to meet and confer regarding the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to shortfall(s) or underfunding of accounts that serviced Synapse End Users, including documents sufficient to show when Defendant first became aware of such shortfalls or underfunding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to shortfall(s) or underfunding of accounts that serviced Synapse End Users" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Evolve also objects to this Request on the ground that seeks discovery not relevant to any party's claim or defense in this Action because the Complaint does not cover all "Synapse End Users." Evolve also objects that the meanings of "relating to" and

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

35

CASE NO. 3:24 CV-06456-TLT

"Synapse End Users," and "accounts that serviced" are vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Actions.

In light of the foregoing objections, Evolve will not produce documents in response to this Request as written. Evolve is willing to meet and confer regarding the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning the tracking and/or accounting of Synapse and/or Yotta End User funds including any problems or deficiencies in the tracking and/or accounting of such End User funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications concerning the tracking and/or accounting of Synapse and/or Yotta End User funds" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Evolve also objects to this Request on the ground that seeks discovery not relevant to any party's claim or defense in this Action because the Complaint does

1    not cover all Synapse End Users.  Evolve also objects that the meanings of "concerning" and "End

2    User funds" are vague and ambiguous.

3            Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

4    client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

5    confidential supervisory information, and/or any other applicable privilege, as well as documents

6    prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

7    Code Ann. § 23-46-101.

8            Evolve also objects to this Request to the extent it is duplicative of other Requests.

9            Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

10   information that constitute or contain confidential or proprietary business information, trade

11   secrets, commercially sensitive information, and/or any other competitively sensitive information

12   that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

13   confidential or proprietary business information subject to a protective order entered between the

14   Parties in this Action.

15           In light of the foregoing objections, Evolve will not produce documents in response to this

16   Request as written.  Evolve is willing to meet and confer regarding the proper scope of this Request.

17   **REQUEST FOR PRODUCTION NO. 28:**

18           All documents and communications relating to meetings between Yotta and Defendant.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

20           Subject to and without waiving its general objections, as well as its objections to the

21   definitions and instructions, Evolve specifically objects as follows:

22           Evolve objects to this Request on the ground that it seeks "All documents and

23   communications relating to meetings between Yotta and Defendant" because, on its face, the

24   Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.

25   By seeking discovery into all documents and communications "relating to" meetings between Yotta

26   and Evolve regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request

27   expressly seeks discovery not relevant to any party's claim or defense in this Action.  Evolve also

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

37                    CASE NO. 3:24 CV-06456-TLT

objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta because they are in Yotta's possession. Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce minutes from Evolve and Yotta's bimonthly compliance meetings, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry, after a protective order is entered in this Action.

**REQUEST FOR PRODUCTION NO. 29:**

All documents relating to Defendant's marketing of its Open Banking division to (i) fintech companies, and (ii) Yotta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to Defendant's marketing of its Open Banking division to (i) fintech

companies, and (ii) Yotta" because, on its face, the Request is unduly overbroad, burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents and communications "relating to" Evolve's marketing of its Open Banking division regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce screenshots of its website and marketing materials Evolve provided to Yotta regarding Evolve's Open Banking division, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to Defendant's policies, procedures or practices relating to one or more fintech companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiving its general objections, as well as its objections to the

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

39

CASE NO. 3:24 CV-06456-TLT

definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents relating to Defendant's policies, procedures or practices relating to one or more fintech companies" because, on its face, the Request is vague, overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents and "relating to" Evolve's policies, procedures or practices "relating to" fintech companies regardless of whether they relate to Plaintiff's allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce policies and procedures pertaining to Yotta, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to Defendant' policies, procedures or practices relating to Yotta End Users.

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS                    40                    CASE NO. 3:24 CV-06456-TLT

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

2          Subject to and without waiving its general objections, as well as its objections to the

3   definitions and instructions, Evolve specifically objects as follows:

4          Evolve objects to this Request on the ground that it seeks "All documents relating to

5   Defendant's policies, procedures or practices relating to Yotta End Users" because, on its face, the

6   Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.

7   By seeking discovery into all documents "relating to" Evolve's policies, procedures or practices

8   "relating to" Yotta End Users regardless of whether they relate to Plaintiff's allegations in the

9   Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in

10  this Action.  Evolve also objects that the meaning of "relating to" is vague and ambiguous.

11         Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

12  client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

13  confidential supervisory information, and/or any other applicable privilege, as well as documents

14  prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark.

15  Code Ann. § 23-46-101.

16         Evolve also objects to this Request to the extent it is duplicative of other Requests.

17         Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

18  information that constitute or contain confidential or proprietary business information, trade

19  secrets, commercially sensitive information, and/or any other competitively sensitive information

20  that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

21  confidential or proprietary business information subject to a protective order entered between the

22  Parties in this Action.

23         Subject to and without waiving any of the foregoing objections, Evolve will produce

24  policies and procedures pertaining to Yotta End Users, to the extent such documents exist, are

25  within Evolve's possession, custody, or control, and have been uncovered after a diligent search

26  and reasonable inquiry.

27

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

41                    CASE NO. 3:24 CV-06456-TLT

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to Defendant's policies, procedures or practices relating to customer FBO accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents relating to Defendant's policies, procedures or practices relating to customer FBO accounts" because, on its face, it is vague, overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents "relating to" Evolve's policies, procedures or practices "relating to" customer FBO accounts regardless of whether they relate to Plaintiff's allegations in the Complaint and Yotta, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

42    CASE NO. 3:24 CV-06456-TLT

policies and procedures pertaining to FBO accounts holding Yotta End User funds, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to Defendant's policies, procedures or practices relating to reserve accounts relating to customer FBO accounts, including but not limited to any accounts related to Synapse End Users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents relating to Defendant's policies, procedures or practices relating to reserve accounts relating to customer FBO accounts" because, on its face, it is vague, overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery into all documents "relating to" Evolve's policies, procedures or practices "relating to" reserve accounts "relating to" customer FBO accounts regardless of whether they relate to Plaintiff's allegations in the Complaint and Yotta, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information

that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce policies and procedures pertaining to reserve accounts that pertain to FBO accounts holding Yotta End User funds, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications relating to Defendant's contributions to and withdrawals from reserve funds relating to FBO accounts, including but not limited to any accounts related to Synapse End Users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to contributions to and withdrawals from reserve funds relating to FBO accounts" because, on its face, it is vague, overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery into all documents and communications "relating to" contributions to and withdrawals from reserve funds relating to FBO accounts regardless of whether they relate to Plaintiff's allegations in the Complaint and Yotta, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action.  Evolve also objects that the meanings of "relating to," "Synapse End Users," and "Defendant's contributions" are vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

1  Code Ann. § 23-46-101.

2      Evolve also objects to this Request to the extent it is duplicative of other Requests.

3      Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

4  information that constitute or contain confidential or proprietary business information, trade

5  secrets, commercially sensitive information, and/or any other competitively sensitive information

6  that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

7  confidential or proprietary business information subject to a protective order entered between the

8  Parties in this Action.

9      Subject to and without waiving any of the foregoing objections, Evolve will produce

10  publicly filed materials submitted by Evolve in the Synapse bankruptcy proceeding regarding the

11  information requested by this Request.

12  **REQUEST FOR PRODUCTION NO. 35:**

13      Documents sufficient to show all transactions involving reserve funds relating to FBO

14  accounts, including but not limited to any accounts related to Synapse End Users.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

16      Subject to and without waiving its general objections, as well as its objections to the

17  definitions and instructions, Evolve specifically objects as follows:

18      Evolve objects to this Request on the ground that it is overbroad, unduly burdensome,

19  harassing, and not proportional to the needs of the case and seeks discovery not relevant to any

20  party's claim or defense in this Action because it seeks documents sufficient to show all

21  transactions involving reserve funds related to FBO accounts regardless of whether they relate to

22  Yotta or Yotta End Users.  Evolve also objects that the meaning of "relating to" is vague and

23  ambiguous.

24      Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

25  client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

26  confidential supervisory information, and/or any other applicable privilege, as well as documents

27  prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

45        CASE NO. 3:24 CV-06456-TLT

1    Code Ann. § 23-46-101.

2         Evolve also objects to this Request to the extent it is duplicative of other Requests.

3         Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

4    information that constitute or contain confidential or proprietary business information, trade

5    secrets, commercially sensitive information, and/or any other competitively sensitive information

6    that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

7    confidential or proprietary business information subject to a protective order entered between the

8    Parties in this Action.

9         Subject to and without waiving any of the foregoing objections, Evolve will produce

10   publicly filed materials submitted by Evolve in the Synapse bankruptcy proceeding regarding the

11   information requested by this Request.

12   **REQUEST FOR PRODUCTION NO. 36:**

13        All documents and communications relating to the 2023 migration of Mercury

14   Technologies, Inc. funds off of Synapse's systems and/or platform.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

16        Subject to and without waiving its general objections, as well as its objections to the

17   definitions and instructions, Evolve specifically objects as follows:

18        Evolve objects to this Request on the ground that it seeks "All documents and

19   communications relating to the 2023 migration of Mercury Technologies, Inc. funds off of

20   Synapse's systems and/or platform" because, on its face, the Request is overbroad, unduly

21   burdensome, harassing, and not proportional to the needs of the case.  Evolve also objects that

22   documents and communications regarding the migration of Mercury Technologies, Inc.'s funds off

23   of Synapse is irrelevant to any party's claim or defense in this Action.  Evolve also objects that the

24   meaning of "relating to" is vague and ambiguous.

25        Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

26   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

27   confidential supervisory information, and/or any other applicable privilege, as well as documents

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                    46              CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications relating to the suspension of interest payments by Defendant to Yotta that began in September 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to the suspension of interest payments by Defendant to Yotta that began in September 2023" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request on the ground that it asserts that Evolve made interest payments to Yotta when Evolve did not do so.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it assumes that Evolve made interest payments to Yotta when it did not do so.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve states there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to Defendant's May 11, 2024 suspension of Yotta End User accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to Defendant's May 11, 2024 suspension of Yotta End User accounts" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

48

CASE NO. 3:24 CV-06456-TLT

prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce exemplar communications sent to Yotta End Users regarding the May 11, 2024 freeze and subsequent reconciliation.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning any amounts paid from, applied or charged to, or debited from FBO accounts relating to any (a) fee, (b) charge, or (c) amount other than specific withdrawals or payments initiated by an end user.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents concerning any amounts paid from, applied or charged to, or debited from FBO accounts relating to any (a) fee, (b) charge, or (c) amount other than specific withdrawals or payments initiated by an end user" because, on its face, it is vague, overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery of all documents and communications "concerning" credits and debits to FBO accounts not initiated by an end user regardless of whether they relate to Plaintiff's allegations in the Complaint or Yotta, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meanings of "concerning" and

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

49

CASE NO. 3:24 CV-06456-TLT

"relating to" are vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications relating to Account Analysis Charges applied or charged to or debited from FBO accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to Account Analysis Charges applied or charged to or debited from FBO accounts" because, on its face, it is vague, overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery of all documents and communications "relating to" Account Analysis Charges on FBO accounts regardless of whether they relate to Plaintiff's allegations in the Complaint and Yotta, the Request expressly seeks discovery not

relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All invoices from TabaPay, Inc. or its affiliate(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it is unduly overbroad and burdensome and seeks discovery not relevant to any party's claim or defense in this Action because it is not limited to TabaPay, Inc. invoices pertaining to Yotta and also seeks invoices from unspecified "affiliate(s)."

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

51                     CASE NO. 3:24 CV-06456-TLT

secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce TabaPay, Inc. invoices, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry, after a protective order is entered in this Action.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning the debiting of FBO accounts for amounts concerning TabaPay Inc or its affiliate(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications concerning the debiting of FBO accounts for amounts concerning TabaPay Inc or its affiliate(s)" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery of all documents and communications "concerning" the debiting of FBO accounts for amounts concerning TabaPay Inc. or its affiliates regardless of whether they relate Plaintiff's allegations in the Complaint or Yotta, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "concerning" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

52

CASE NO. 3:24 CV-06456-TLT

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve also objects to this Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All agreements or contracts with TabaPay Inc. or its affiliate(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it is overbroad and unduly burdensome and seeks discovery not relevant to any party's claim or defense in this Action because it is not limited to TabaPay, Inc. agreements pertaining to Yotta and also seeks agreement with unspecified "affiliate(s)."

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Subject to and without waiving any of the foregoing objections, Evolve will produce agreements between Evolve and TabaPay, Inc., to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and

1    reasonable inquiry, after a protective order is entered in this Action.

2    **REQUEST FOR PRODUCTION NO. 44:**

3         All communications with Synapse concerning Account Analysis Charges, TabaPay, and/or

4    any payment from or debit of FBO accounts.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

6         Subject to and without waiving its general objections, as well as its objections to the

7    definitions and instructions, Evolve specifically objects as follows:

8         Evolve objects to this Request on the ground that it seeks "All communications with

9    Synapse concerning Account Analysis Charges, TabaPay, and/or any payment from or debit of

10   FBO accounts" because, on its face, the Request is overbroad, unduly burdensome, harassing, and

11   not proportional to the needs of the case.  By seeking discovery into all communications with

12   Synapse "concerning" Account Analysis Charges, TabaPay, and/or any payment from or debit of

13   FBO accounts regardless of whether they relate to Plaintiff's allegations in the Complaint or Yotta,

14   the Request expressly seeks discovery not relevant to any party's claim or defense in this Action.

15   Evolve also objects that the meaning of "concerning" is vague and ambiguous.

16        Evolve also objects to this Request to the extent it is duplicative of other Requests.

17        Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

18   information that constitute or contain confidential or proprietary business information, trade

19   secrets, commercially sensitive information, and/or any other competitively sensitive information

20   that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

21   confidential or proprietary business information subject to a protective order entered between the

22   Parties in this Action.

23        In light of the foregoing objections, Evolve will not produce documents in response to this

24   Request as written.  Evolve is willing to meet and confer regarding the proper scope of this Request.

25   **REQUEST FOR PRODUCTION NO. 45:**

26        All agreements or contracts between Defendant and Synapse.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                    54              CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it is overbroad and unduly burdensome and seeks discovery not relevant to any party's claim or defense in this Action because it seeks all agreements between Evolve and Synapse regardless of whether they pertain to Yotta.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve also objects that this Request is duplicative of other Requests.

Subject to and without waiving any of the foregoing objections, Evolve will produce agreements between it and Synapse regarding banking services provided to Yotta End Users, to the extent such documents exist, are within Evolve's possession, custody, or control, and have been uncovered after a diligent search and reasonable inquiry, after a protective order is entered in this Action.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications relating to the Synapse Consumer Reserve Account Agreement concerning Yotta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to the Synapse Consumer Reserve Account Agreement concerning Yotta" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. Evolve also objects that the meaning of "relating to" and "concerning" are

1    vague and ambiguous.

2        Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

3    client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

4    confidential supervisory information, and/or any other applicable privilege, as well as documents

5    prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

6    Code Ann. § 23-46-101.

7        Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

8    information that constitute or contain confidential or proprietary business information, trade

9    secrets, commercially sensitive information, and/or any other competitively sensitive information

10   that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

11   confidential or proprietary business information subject to a protective order entered between the

12   Parties in this Action.

13       Evolve also objects that this Request is duplicative of other Requests.

14       Subject to and without waiving any of the foregoing objections, Evolve will produce the

15   Synapse Consumer Reserve Account Agreement, to the extent such a document exists, is within

16   Evolve's possession, custody, or control, and has been uncovered after a diligent search and

17   reasonable inquiry, after a protective order is entered in this Action.

18   **REQUEST FOR PRODUCTION NO. 47:**

19       All documents and communications relating [to] the accuracy and/or inaccuracy of balances

20   in FBO accounts held by Defendant, including but not limited [to] the reasons for any inaccuracies.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

22       Subject to and without waiving its general objections, as well as its objections to the

23   definitions and instructions, Evolve specifically objects as follows:

24       Evolve objects to this Request on the ground that it seeks "All documents and

25   communications relating [to] the accuracy and/or inaccuracy of balances in FBO accounts held by

26   Defendant" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not

27   proportional to the needs of the case.  By seeking discovery of all documents and communications

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW      EVOLVE'S RESPS. &              56              CASE NO. 3:24 CV-06456-TLT
                      OBJECTIONS TO YOTTA'S
                      FIRST SET OF RFPS

relating to the accuracy and/or inaccuracy of balances in FBO accounts regardless of whether they relate to Yotta, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action.  Evolve also objects that the meaning of "relating to" and "inaccuracies" are vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects that this Request is duplicative of other Requests.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request as written.  Evolve is willing to meet and confer regarding the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications relating to the end of Chief Marketing & Communications Officer Thomas Holmes Jr.'s employment by Defendant, including but not limited to all documents and communications concerning his resignation and/or termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to the end of Chief Marketing & Communications Officer Thomas

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

57

CASE NO. 3:24 CV-06456-TLT

Holmes Jr.'s employment by Defendant" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery of all documents and communications relating to the end of Mr. Holmes's employment, about which Plaintiff alleges nothing in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101. Evolve also objects to the Request to the extent that it calls for the production of information that is confidential under third parties' right to privacy, Cal. Const., art. 1, § 1.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications relating to the end of Chief Technology Officer Chris Staab's employment by Defendant, including but not limited to all documents and communications concerning his resignation and/or termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Subject to and without waiving its general objections, as well as its objections to the

definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to the end of Chief Technology Officer Chris Staab's employment by Defendant" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery of all documents and communications relating to the end of Mr. Staab's employment, about which Plaintiff alleges nothing in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101. Evolve also objects to the Request to the extent that it calls for the production of information that is confidential under third parties' right to privacy, Cal. Const., art. 1, § 1.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and communications relating to the end of Chief Compliance Officer Cecilia Russell's employment by Defendant, including but not limited to all documents and communications concerning her resignation and/or termination.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents and communications relating to the end of Chief Compliance Officer Cecilia Russell's employment by Defendant" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case. By seeking discovery of all documents and communications relating to the end of Ms. Russell's employment, about which Plaintiff alleges nothing in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also objects that the meaning of "relating to" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101. Evolve also objects to the Request to the extent that it calls for the production of information that is confidential under third parties' right to privacy, Cal. Const., art. 1, § 1.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications between Synapse and Defendant relating to Synapse's

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

60

CASE NO. 3:24 CV-06456-TLT

1    platform.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

3        Subject to and without waiving its general objections, as well as its objections to the

4    definitions and instructions, Evolve specifically objects as follows:

5        Evolve objects to this Request on the ground that it seeks "All documents and

6    communications between Synapse and Defendant relating to Synapse's platform" because, on its

7    face, it is vague, overbroad, unduly burdensome, harassing, and not proportional to the needs of the

8    case. By seeking discovery of all documents and communications between Evolve and Synapse

9    regardless of whether they are related to the allegations in the Complaint or Yotta, the Request

10   expressly seeks discovery not relevant to any party's claim or defense in this Action. Evolve also

11   objects that the meanings of "relating to" and "Synapse's platform" are vague and ambiguous.

12       Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

13   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

14   confidential supervisory information, and/or any other applicable privilege, as well as documents

15   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

16   Code Ann. § 23-46-101.

17       Evolve also objects that this Request is duplicative of other Requests.

18       Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

19   information that constitute or contain confidential or proprietary business information, trade

20   secrets, commercially sensitive information, and/or any other competitively sensitive information

21   that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

22   confidential or proprietary business information subject to a protective order entered between the

23   Parties in this Action.

24       In light of the foregoing objections, Evolve will not produce documents in response to this

25   Request as written. Evolve is willing to meet and confer regarding the proper scope of this Request.

26   **REQUEST FOR PRODUCTION NO. 52:**

27       All documents and communications between Defendant and the Independent Trustee of

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

61          CASE NO. 3:24 CV-06456-TLT

1    Synapse.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

3        Subject to and without waiving its general objections, as well as its objections to the

4    definitions and instructions, Evolve specifically objects as follows:

5        Evolve objects to this Request on the ground that it seeks "All documents and

6    communications between Defendant and the Independent Trustee of Synapse" because, on its face,

7    the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the

8    case. By seeking discovery into all documents and communications between Evolve and the

9    Independent Trustee of Synapse regardless of whether they are related to the allegations in the

10   Complaint or Yotta, the Request expressly seeks discovery not relevant to any party's claim or

11   defense in this Action.

12       Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

13   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

14   confidential supervisory information, and/or any other applicable privilege, as well as documents

15   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

16   Code Ann. § 23-46-101.

17       Evolve also objects that this Request is duplicative of other Requests.

18       Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

19   information that constitute or contain confidential or proprietary business information, trade

20   secrets, commercially sensitive information, and/or any other competitively sensitive information

21   that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

22   confidential or proprietary business information subject to a protective order entered between the

23   Parties in this Action.

24       Subject to and without waiving any of the foregoing objections, Evolve will produce all

25   documents publicly filed by Evolve in the Synapse bankruptcy proceeding.

26   **REQUEST FOR PRODUCTION NO. 53:**

27       All documents and communications concerning any reconciliation efforts from January 1,

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

62

CASE NO. 3:24 CV-06456-TLT

1    2023 to the present.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

3        Subject to and without waiving its general objections, as well as its objections to the

4    definitions and instructions, Evolve specifically objects as follows:

5        Evolve objects to this Request on the ground that it seeks "All documents and

6    communications concerning any reconciliation efforts from January 1, 2023 to the present"

7    because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional

8    to the needs of the case. By seeking discovery into all documents and communications "concerning

9    any reconciliation efforts" regardless of whether they are related to the allegations in the Complaint

10   or Yotta, the Request expressly seeks discovery not relevant to any party's claim or defense in this

11   Action. Evolve also objects that the meanings of "concerning" and "reconciliation efforts" are

12   vague and ambiguous.

13       Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

14   client privilege, work product doctrine, trial-preparation protection under Federal Rule of Civil

15   Procedure 26, the bank examination privilege, restrictions on disclosing confidential supervisory

16   information, and/or any other applicable privilege, as well as documents prohibited from disclosure

17   pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

18       Evolve also objects that this Request is duplicative of other Requests.

19       Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

20   information that constitute or contain confidential or proprietary business information, trade

21   secrets, commercially sensitive information, and/or any other competitively sensitive information

22   that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

23   confidential or proprietary business information subject to a protective order entered between the

24   Parties in this Action.

25       Subject to and without waiving any of the foregoing objections, Evolve will produce

26   exemplars of communications provided to Yotta End Users regarding the May 11, 2024 account

27   freeze and subsequent reconciliation and publicly available information regarding the

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                    63              CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

1    reconciliation provided by Evolve at reconciliationbyevolve.com.

2    **REQUEST FOR PRODUCTION NO. 54:**

3        All documents and communications relating to the calculation of Yotta End User balances

4    shown on Defendant's website reconciliationbyevolve.com, including but not limited to any

5    reconciliation efforts from January 1, 2023 to the present.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

7        Subject to and without waiving its general objections, as well as its objections to the

8    definitions and instructions, Evolve specifically objects as follows:

9        Evolve objects to this Request on the ground that it seeks "All documents and

10   communications relating to the calculation of Yotta End User balances shown on Defendant's

11   website reconciliationbyevolve.com" because, on its face, the Request is overbroad, unduly

12   burdensome, harassing, and not proportional to the needs of the case. Because Yotta is not a Yotta

13   End User and does not seek relief for Yotta End Users, the Request expressly seeks discovery not

14   relevant to any party's claim or defense in this Action. Evolve also objects that the meanings of

15   "relating to" and "reconciliation efforts" are vague and ambiguous.

16       Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

17   client privilege, work product doctrine, trial-preparation protection under Federal Rule of Civil

18   Procedure 26, the bank examination privilege, restrictions on disclosing confidential supervisory

19   information, and/or any other applicable privilege, as well as documents prohibited from disclosure

20   pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

21       Evolve also objects to the Request to the extent it is duplicative of other Requests.

22       Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

23   information that constitute or contain confidential or proprietary business information, trade

24   secrets, commercially sensitive information, and/or any other competitively sensitive information

25   that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

26   confidential or proprietary business information subject to a protective order entered between the

27   Parties in this Action.

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

64

CASE NO. 3:24 CV-06456-TLT

1    In light of the foregoing objections, Evolve will not produce documents in response to this

2    Request.

3    **REQUEST FOR PRODUCTION NO. 55:**

4    All documents and communications relating to Defendant's calculation of the "Evolve

5    payment" to Yotta End Users shown on Defendant' website reconciliationbyevolve.com.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

7    Subject to and without waiving its general objections, as well as its objections to the

8    definitions and instructions, Evolve specifically objects as follows:

9    Evolve objects to this Request on the ground that it seeks "All documents and

10   communications relating to Defendant's calculation of the 'Evolve payment' to Yotta End Users"

11   because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional

12   to the needs of the case. Because Yotta is not a Yotta End User and does not seek relief for Yotta

13   End Users, the Request expressly seeks discovery not relevant to any party's claim or defense in

14   this Action. Evolve also objects that the meanings of "relating to" and "reconciliation efforts" are

15   vague and ambiguous.

16   Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

17   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

18   confidential supervisory information, and/or any other applicable privilege, as well as documents

19   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark.

20   Code Ann. § 23-46-101.

21   Evolve also objects to the Request to the extent it is duplicative of other Requests.

22   Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

23   information that constitute or contain confidential or proprietary business information, trade

24   secrets, commercially sensitive information, and/or any other competitively sensitive information

25   that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

26   confidential or proprietary business information subject to a protective order entered between the

27   Parties in this Action.

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

65                    CASE NO. 3:24 CV-06456-TLT

1    In light of the foregoing objections, Evolve will not produce documents in response to this

2    Request.

3    **REQUEST FOR PRODUCTION NO. 56:**

4    All documents and communications relating to irregularities or inaccuracies in ledgers

5    Synapse provided to Defendant.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

7    Subject to and without waiving its general objections, as well as its objections to the

8    definitions and instructions, Evolve specifically objects as follows:

9    Evolve objects to this Request on the ground that it seeks "All documents and

10   communications relating to irregularities or inaccuracies in ledgers Synapse provided to

11   Defendant" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not

12   proportional to the needs of the case.  By seeking discovery into all documents and communications

13   relating to irregularities or inaccuracies in ledgers Synapse provided to Evolve regardless of

14   whether they relate to Plaintiff's allegations in the Complaint or Yotta, the Request expressly seeks

15   discovery not relevant to any party's claim or defense in this Action.  Evolve also objects that the

16   meanings of "relating to," "irregularities," or "inaccuracies" are vague and ambiguous.

17   Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

18   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

19   confidential supervisory information, and/or any other applicable privilege, as well as documents

20   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

21   Code Ann. § 23-46-101.

22   Evolve also objects to the Request to the extent it is duplicative of other Requests.

23   Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

24   information that constitute or contain confidential or proprietary business information, trade

25   secrets, commercially sensitive information, and/or any other competitively sensitive information

26   that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

27   confidential or proprietary business information subject to a protective order entered between the

28

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

66

CASE NO. 3:24 CV-06456-TLT

1    Parties in this Action.

2        Subject to and without waiving any of the foregoing objections, Evolve will produce

3    documents publicly filed by Evolve in the Synapse bankruptcy proceeding regarding the

4    information requested by this Request.

5    **REQUEST FOR PRODUCTION NO. 57:**

6        The financial statements of Bancorp.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

8        Subject to and without waiving its general objections, as well as its objections to the

9    definitions and instructions, Evolve specifically objects as follows:

10       Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to

11   any party's claim or defense in this Action, and not proportional to the needs of the case because

12   Plaintiff has not alleged any conduct by Bancorp and Plaintiff voluntarily dismissed all claims

13   against Bancorp, ECF No. 40.

14       Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

15   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

16   confidential supervisory information, and/or any other applicable privilege, as well as documents

17   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

18   Code Ann. § 23-46-101.

19       Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

20   information that constitute or contain confidential or proprietary business information, trade

21   secrets, commercially sensitive information, and/or any other competitively sensitive information

22   that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

23   confidential or proprietary business information subject to a protective order entered between the

24   Parties in this Action.

25       In light of the foregoing objections, Evolve will not produce documents in response to this

26   Request.

27   **REQUEST FOR PRODUCTION NO. 58:**

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

67

CASE NO. 3:24 CV-06456-TLT

1    The financial statements of Bank & Trust.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

3    Subject to and without waiving its general objections, as well as its objections to the

4    definitions and instructions, Evolve specifically objects as follows:

5    Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to

6    any party's claim or defense in this Action, and not proportional to the needs of the case because

7    Evolve's financial status is not at issue in the Complaint.

8    Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

9    client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

10    confidential supervisory information, and/or any other applicable privilege, as well as documents

11    prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark.

12    Code Ann. § 23-46-101.

13    Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

14    information that constitute or contain confidential or proprietary business information, trade

15    secrets, commercially sensitive information, and/or any other competitively sensitive information

16    that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

17    confidential or proprietary business information subject to a protective order entered between the

18    Parties in this Action.

19    Subject to and without waiving any of the foregoing objections, Evolve will produce its Call

20    Reports, which are publicly available from the Federal Financial Institutions Examination Council,

21    in response to this Request.

22    **REQUEST FOR PRODUCTION NO. 59:**

23    Documents sufficient to show intercompany transfers between Bancorp and Bank & Trust.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

25    Subject to and without waiving its general objections, as well as its objections to the

26    definitions and instructions, Evolve specifically objects as follows:

27    Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

68

CASE NO. 3:24 CV-06456-TLT

1    any party's claim or defense in this Action, and not proportional to the needs of the case because

2    the financial relationship between Evolve and Bancorp is not at issue in the Complaint and Plaintiff

3    has not alleged any conduct by Bancorp.  Moreover, Plaintiff voluntarily dismissed all claims

4    against Bancorp, ECF No. 40.

5        Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

6    information that constitute or contain confidential or proprietary business information, trade

7    secrets, commercially sensitive information, and/or any other competitively sensitive information

8    that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

9    confidential or proprietary business information subject to a protective order entered between the

10    Parties in this Action.

11        In light of the foregoing objections, Evolve will not produce documents in response to this

12    Request.

13    **REQUEST FOR PRODUCTION NO. 60:**

14        Documents sufficient to show every type of action Bank & Trust takes that requires

15    approval from Bancorp, including budgets, capital or operating expenditures, Bank & Trust's entry

16    into a contract or Bank & Trust's involvement in business transactions.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

18        Subject to and without waiving its general objections, as well as its objections to the

19    definitions and instructions, Evolve specifically objects as follows:

20        Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to

21    any party's claim or defense in this Action, and not proportional to the needs of the case because

22    the Complaint does not allege any conduct by Bancorp or Bancorp's approval of Evolve's conduct.

23    Moreover, Plaintiff voluntarily dismissed all claims against Bancorp, ECF No. 40.

24        Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

25    client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

26    confidential supervisory information, and/or any other applicable privilege, as well as documents

27    prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

69

CASE NO. 3:24 CV-06456-TLT

Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Documents sufficient to show each state in which Bancorp operates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case because Plaintiff has not alleged any conduct by Bancorp. Moreover, Plaintiff voluntarily dismissed all claims against Bancorp, ECF No. 40.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

70                    CASE NO. 3:24 CV-06456-TLT

confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to show each state in which Bank & Trust operates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request. Evolve is an Arkansas-chartered bank with its corporate headquarters in Tennessee. *See also* BankFind Suite: Institution Details – Evolve Bank & Trust, https://banks.data.fdic.gov/bankfind-suite/bankfind/details/1299.

**REQUEST FOR PRODUCTION NO. 63:**

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

71

CASE NO. 3:24 CV-06456-TLT

1    Documents sufficient to identify each and every of Bancorp's directors, officers, and

2  employees.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

4    Subject to and without waiving its general objections, as well as its objections to the

5  definitions and instructions, Evolve specifically objects as follows:

6    Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to

7  any party's claim or defense in this Action, and not proportional to the needs of the case because

8  Plaintiff has not alleged any conduct by Bancorp.  Moreover, Plaintiff voluntarily dismissed all

9  claims against Bancorp, ECF No. 40.

10   Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

11  client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

12  confidential supervisory information, and/or any other applicable privilege, as well as documents

13  prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark.

14  Code Ann. § 23-46-101.

15   Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

16  information that constitute or contain confidential or proprietary business information, trade

17  secrets, commercially sensitive information, and/or any other competitively sensitive information

18  that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

19  confidential or proprietary business information subject to a protective order entered between the

20  Parties in this Action.

21   In light of the foregoing objections, Evolve will not produce documents in response to this

22  Request.

23  **REQUEST FOR PRODUCTION NO. 64:**

24   All documents concerning any communications between Bancorp and Yotta.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

26   Subject to and without waiving its general objections, as well as its objections to the

27  definitions and instructions, Evolve specifically objects as follows:

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

72

CASE NO. 3:24 CV-06456-TLT

1    Evolve objects to this Request on the ground that it seeks "All documents concerning any

2    communications between Bancorp and Yotta," because, on its face, the Request is overbroad,

3    unduly burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery

4    into all communications between Bancorp and Yotta regardless of whether they are related to the

5    allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's

6    claim or defense in this Action.  Evolve also objects to this Request as unduly overbroad,

7    burdensome, harassing, irrelevant to any party's claim or defense in this Action, and not

8    proportional to the needs of the case because Plaintiff has not alleged any conduct by Bancorp.

9    Moreover, Plaintiff voluntarily dismissed all claims against Bancorp, ECF No. 40.

10    Evolve also objects that the meaning of "concerning" is vague and ambiguous.

11    Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

12    client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

13    confidential supervisory information, and/or any other applicable privilege, as well as documents

14    prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq.*, 12 C.F.R. § 261.1 *et seq.*, or Ark.

15    Code Ann. § 23-46-101.

16    Evolve further objects to this Request as unduly burdensome to the extent it seeks

17    documents equally available to Yotta.  Evolve also objects that this Request is duplicative of other

18    Requests.

19    Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

20    information that constitute or contain confidential or proprietary business information, trade

21    secrets, commercially sensitive information, and/or any other competitively sensitive information

22    that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

23    confidential or proprietary business information subject to a protective order entered between the

24    Parties in this Action.

25    In light of the foregoing objections, Evolve will not produce documents in response to this

26    Request.

27

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

73

CASE NO. 3:24 CV-06456-TLT

1    **REQUEST FOR PRODUCTION NO. 65:**

2        All documents concerning any communications between Bancorp and Synapse.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

4        Subject to and without waiving its general objections, as well as its objections to the

5    definitions and instructions, Evolve specifically objects as follows:

6        Evolve objects to this Request on the ground that it seeks "All documents concerning any

7    communications between Bancorp and Synapse," because, on its face, the Request is overbroad,

8    unduly burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery

9    into all communications between Bancorp and Synapse regardless of whether they are related to

10    the allegations in the Complaint or Yotta, the Request expressly seeks discovery not relevant to any

11    party's claim or defense in this Action.  Evolve also objects to this Request as unduly overbroad,

12    burdensome, harassing, irrelevant to any party's claim or defense in this Action, and not

13    proportional to the needs of the case because Plaintiff has not alleged any conduct by Bancorp.

14    Moreover, Plaintiff voluntarily dismissed all claims against Bancorp, ECF No. 40.

15        Evolve also objects that the meaning of "concerning" is vague and ambiguous.

16        Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

17    client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

18    confidential supervisory information, and/or any other applicable privilege, as well as documents

19    prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

20    Code Ann. § 23-46-101.

21        Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

22    information that constitute or contain confidential or proprietary business information, trade

23    secrets, commercially sensitive information, and/or any other competitively sensitive information

24    that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

25    confidential or proprietary business information subject to a protective order entered between the

26    Parties in this Action.

27        In light of the foregoing objections, Evolve will not produce documents in response to this

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

1   Request.

2   **REQUEST FOR PRODUCTION NO. 66:**

3       Documents sufficient to show each time Bancorp had an in-person meeting with Yotta,

4   including (i) the date of the meeting, (ii) the location of the meeting and (iii) the subject matter of

5   the meeting.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

7       Subject to and without waiving its general objections, as well as its objections to the

8   definitions and instructions, Evolve specifically objects as follows:

9       Evolve objects to this Request on the ground that it seeks document to show "each" in-

10  person meeting that Bancorp had with Yotta, because, on its face, the Request is overbroad, unduly

11  burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery into

12  all in-person meetings between Bancorp and Yotta regardless of whether they are related to the

13  allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's

14  claim or defense in this Action.  Evolve also objects to this Request as unduly overbroad,

15  burdensome, harassing, irrelevant to any party's claim or defense in this Action, and not

16  proportional to the needs of the case because Plaintiff has not alleged any conduct by Bancorp.

17  Moreover, Plaintiff voluntarily dismissed all claims against Bancorp, ECF No. 40.

18      Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

19  client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

20  confidential supervisory information, and/or any other applicable privilege, as well as documents

21  prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

22  Code Ann. § 23-46-101.

23      Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

24  information that constitute or contain confidential or proprietary business information, trade

25  secrets, commercially sensitive information, and/or any other competitively sensitive information

26  that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

27  confidential or proprietary business information subject to a protective order entered between the

28

EVOLVE'S RESPS. &            75            CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

1    Parties in this Action.

2        Evolve further objects to this Request as unduly burdensome to the extent it seeks

3    documents equally available to Yotta.  Evolve also objects that this Request is duplicative of other

4    Requests.

5        In light of the foregoing objections, Evolve will not produce documents in response to this

6    Request.

7    **REQUEST FOR PRODUCTION NO. 67:**

8        Documents sufficient to show each time Bank & Trust had an in-person meeting with Yotta,

9    including (i) the date of the meeting, (ii) the location of the meeting and (iii) the subject matter of

10   the meeting.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

12       Subject to and without waiving its general objections, as well as its objections to the

13   definitions and instructions, Evolve specifically objects as follows:

14       Evolve objects to this Request on the ground that it seeks document to show "each" in-

15   person meeting that Evolve had with Yotta, because, on its face, the Request is overbroad, unduly

16   burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery into

17   all meetings between Evolve and Yotta regardless of whether they are related to the allegations in

18   the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense

19   in this Action.

20       Evolve also objects to this Request to the extent it seeks documents covered by the attorney-

21   client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing

22   confidential supervisory information, and/or any other applicable privilege, as well as documents

23   prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark.

24   Code Ann. § 23-46-101.

25       Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

26   information that constitute or contain confidential or proprietary business information, trade

27   secrets, commercially sensitive information, and/or any other competitively sensitive information

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                    76              CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta.  Evolve also objects to the Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request as written.  Evolve is willing to meet and confer regarding the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All documents concerning any communications between Defendant and Yotta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents concerning any communications between Defendant and Yotta" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.  By seeking discovery into all communications between Evolve and Yotta regardless of whether they are related to the allegations in the Complaint, the Request expressly seeks discovery not relevant to any party's claim or defense in this Action.  Evolve also objects that the meaning of "concerning" is vague and ambiguous.

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, the bank examination privilege, restrictions on disclosing confidential supervisory information, and/or any other applicable privilege, as well as documents prohibited from disclosure pursuant to 12 C.F.R. § 309.1 *et seq*., 12 C.F.R. § 261.1 *et seq*., or Ark. Code Ann. § 23-46-101.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

77

CASE NO. 3:24 CV-06456-TLT

secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve further objects to this Request as unduly burdensome to the extent it seeks documents equally available to Yotta. Evolve also objects to the Request to the extent it is duplicative of other Requests.

In light of the foregoing objections, Evolve will not produce documents in response to this Request as written. Evolve is willing to meet and confer regarding the proper scope of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to identify Defendant's ownership structure, including any parents and subsidiaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to any party's claim or defense in this Action, and not proportional to the needs of the case because Plaintiff has not alleged any conduct by a parent or subsidiary of Evolve.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

78

CASE NO. 3:24 CV-06456-TLT

1    Your organization chart(s).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

3    Subject to and without waiving its general objections, as well as its objections to the

4    definitions and instructions, Evolve specifically objects as follows:

5    Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to

6    any party's claim or defense in this Action, and not proportional to the needs of the case because

7    Plaintiff does not allege that every department at Evolve was involved in the challenged conduct.

8    Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

9    information that constitute or contain confidential or proprietary business information, trade

10    secrets, commercially sensitive information, and/or any other competitively sensitive information

11    that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

12    confidential or proprietary business information subject to a protective order entered between the

13    Parties in this Action.

14    In light of the foregoing objections, Evolve will not produce documents in response to this

15    Request as written.  Evolve is willing to meet and confer regarding the proper scope of this Request.

16    **REQUEST FOR PRODUCTION NO. 71:**

17    Bancorp's organization chart(s).

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

19    Subject to and without waiving its general objections, as well as its objections to the

20    definitions and instructions, Evolve specifically objects as follows:

21    Evolve objects to this Request as overbroad, unduly burdensome, harassing, irrelevant to

22    any party's claim or defense in this Action, and not proportional to the needs of the case because

23    Plaintiff has not alleged any conduct by Bancorp.  Moreover, Plaintiff voluntarily dismissed all

24    claims against Bancorp, ECF No. 40.

25    Evolve also objects to this Request to the extent it seeks disclosure of documents and/or

26    information that constitute or contain confidential or proprietary business information, trade

27    secrets, commercially sensitive information, and/or any other competitively sensitive information

28

that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All documents on which Defendant intends to rely or offer into evidence during trial or in this proceeding generally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request on the ground that it seeks "All documents on which Defendant intends to rely or offer into evidence" because, on its face, the Request is overbroad, unduly burdensome, harassing, and not proportional to the needs of the case.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors. Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

Evolve also objects to this Request as premature because it does not yet know what documents it intends to introduce as evidence in trial or rely on generally in this proceeding.

In light of the foregoing objections, Evolve will not produce any documents or communications in response to this Request. Evolve is willing to meet and confer regarding the scope and timing of this Request.

**REQUEST FOR PRODUCTION NO. 73:**

All documents Defendant disclosed to any expert witness in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, trial-preparation protection under Federal Rule of Civil Procedure 26, and/or any other applicable privilege.

Evolve also objects that this Request is premature as the pleadings are not settled and the Parties have not disclosed any expert witnesses.

Evolve also objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such confidential or proprietary business information subject to a protective order entered between the Parties in this Action.

In light of the foregoing objections, Evolve will not produce any documents or communications in response to this Request.  Evolve is willing to meet and confer regarding the scope and timing of this Request.

**REQUEST FOR PRODUCTION NO. 74:**

All documents disclosed in Defendant'[s] initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Evolve specifically objects as follows:

Evolve objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Evolve if disclosed to competitors.  Evolve will only produce such

1    confidential or proprietary business information subject to a protective order entered between the

2    Parties in this Action.

3        In light of the foregoing objections, Evolve will not produce any documents or

4    communications in response to this Request.  Evolve is willing to meet and confer regarding the

5    scope and timing of this Request.

6    Dated: March 13, 2025                    ORRICK, HERRINGTON & SUTCLIFFE
                                             LLP
7
                                             By:  _____ */s/ Aravind Swaminathan* _____
8                                                   Aravind Swaminathan
                                                  Attorneys for Defendant
9                                                 EVOLVE BANK & TRUST

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

EVOLVE'S RESPS. &                            82            CASE NO. 3:24 CV-06456-TLT
OBJECTIONS TO YOTTA'S
FIRST SET OF RFPS

1  **<u>CERTIFICATE OF SERVICE</u>**

2       I certify that on March 13, 2025, I served via email Defendant Evolve Bank & Trust's

3  Objections and Responses to Yotta Technologies Inc.'s First Request for Production of

4  Documents and Things to all counsel of record for Yotta Technologies Inc. as follow:

5       Donald David Conklin, III (dc@mandelbhandari.com)

6       Evan Mandel (em@mandelbhandari.com)
     Rishi Bhandari (rb@mandelbhandari.com)

7       **Mandel Bhandari LLP**
     80 Pine Street

8       Ste 33rd Floor
     New York, NY 10005

9       212-269-5600

10

11       */s/ Miwako Burleigh*

12       Miwako Burleigh

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVOLVE'S RESPS. &
OBJECTIONS TO YOTTA'S FIRST
SET OF RFPS
     1     CASE NO. 3:24 CV-06456-TLT