1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    YOTTA TECHNOLOGIES INC.,                 Case No.  24-cv-06456-TLT   (TSH)

8              Plaintiff,

9         v.                                  **DISCOVERY ORDER**

                                             Re: Dkt. Nos. 87, 88
10   EVOLVE BANK & TRUST,

11             Defendant.

12

13        The parties have raised two discovery disputes.  ECF Nos. 87, 88.  The Court rules as

14   follows.

15   **A.    ECF No. 87**

16        The dispute at ECF No. 87 relates to Yotta's RFP 1:  "All documents related to Yotta,

17   Yotta End Users (including the Yotta End User funds), or Synapse that Defendant has provided to

18   Regulators, the Synapse Trustee, or any other person or entity."  Yotta previously moved to

19   compel responsive documents (but for purposes of that motion omitted "any other person or

20   entity").  ECF No. 74.  The Court ordered the parties to meet and confer and by October 8, 2025 to

21   file one of two things:  A notice that they have resolved their dispute or a joint discovery letter

22   brief not to exceed five pages setting forth their respective views.  ECF No. 85.  They complied

23   with a filing that was a little bit of both.  The parties report that they have reached an agreement as

24   to all issues pertaining to RFP 1 except one:  "The sole remaining issue is Yotta's insistence that

25   Evolve produce, to the extent they exist, any documents provided to the Department of Justice,

26   any offices of the United States Attorney General, and/or any state or federal entity in connection

27   with grand jury proceedings."  ECF No. 87 at 1.

28        The Court will not force Evolve to do this.  Grand jury proceedings are secret, and they are

United States District Court
Northern District of California

1    meant to be secret.  The Court will not order Evolve to produce documents merely *because* they

2    were produced in connection with grand jury proceedings.  Importantly, the Court is *not* saying

3    that an otherwise discoverable document becomes immune from production merely because it was

4    produced in connection with a grand jury proceeding.  Rather, the Court's limited holding is that

5    the production of a document in connection with a grand jury proceeding is not itself a reason for

6    Evolve to produce the document in this litigation.  In other words, if a document is otherwise

7    irrelevant or non-responsive, the fact that it was produced in connection with a grand jury

8    proceeding does not cause it to become relevant or responsive.  Accordingly, Yotta's motion to

9    compel is **DENIED**.

10   **B.      ECF No. 88**

11          Yotta previously moved to compel on its RFPs 34, 35, 36, 39, 40, 42 and 44.  ECF No. 74.

12   The Court ordered the parties to meet and confer and by October 15, 2025 to file one of two

13   things:   A notice that they have resolved their disputes or a joint discovery letter brief not to

14   exceed five pages setting forth their respective views.  ECF No. 85.  Their October 15 filing stated

15   that they had reached an agreement as to RFPs 40, 42 and 44, but remain in dispute over RFPs 34,

16   35, 36 and 39.

17          **1.      RFPs 34 and 35**

18          For RFP 34, "relating to FBO accounts" modifies "reserve funds," not "contributions to

19   and withdrawals from."  Similarly, for RFP 35, "relating to FBO accounts" modifies "reserve

20   funds," not "transactions."  While the Court understands that the reserve funds had a broader

21   purpose than just the FBO accounts, any reserve funds that did or could transfer money into or out

22   of an FBO account relate to that account.  Thus, Yotta did request the documents it is now moving

23   to compel.  Evolve is not entitled to unilaterally decide which transactions and communications

24   with respect to the reserve funds related to the FBO accounts, as that will likely be a contested

25   issue, and Yotta is entitled to take discovery to challenge Evolve's assertions.  Accordingly,

26   Yotta's motion to compel is **GRANTED**.

27          **2.      RFP 36**

28          Evolve's proposal to sequence discovery in response to this RFP by first producing a

United States District Court
Northern District of California

1    forensic audit report, and then the parties could revisit this RFP if more documents are needed

2    after Yotta reviews the report, is impractical given the December 19, 2025 close of fact discovery.

3    ECF Nos. 86, 90.  The documents Yotta seeks are relevant and proportional to the needs of the

4    case.  Accordingly, the Court **GRANTS** Yotta's motion to compel, as limited by footnote 1 in the

5    joint discovery letter brief.

6              **3.      RFP 39**

7              Evolve is not allowed to unilaterally limit this RFP to TabaPay fees and Account Analysis

8    Fees.  Yotta is entitled to take discovery to determine whether there were other allegedly improper

9    fees or charges.  Accordingly, Yotta's motion to compel is **GRANTED**.

10             **IT IS SO ORDERED.**

11

12   Dated: October 29, 2025

13                                                          _____

14                                                          THOMAS S. HIXSON
                                                            United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3