1

2

3

4                                UNITED STATES DISTRICT COURT

5                               NORTHERN DISTRICT OF CALIFORNIA

6

7    YOTTA TECHNOLOGIES INC.,                    Case No.  24-cv-06456-TLT   (TSH)

8                   Plaintiff,

9           v.                                   **DISCOVERY ORDER**

10   EVOLVE BANK & TRUST,                         Re: Dkt. No. 95

11                  Defendant.

12

13          The parties have a discovery dispute concerning the deadline to complete document

14   productions.  With an upcoming close of fact discovery on December 19, 2025, *see* ECF Nos. 86

15   & 90, this issue is important.  Yotta accurately points out that Evolve has dragged its feet in

16   discovery.  Yotta served its first requests for production on February 11, 2025, but Evolve did not

17   produce any documents at all until September 5, 2025.  That entire time Evolve knew the close of

18   fact discovery was December 19, 2025.  *See* ECF No. 35.  Evolve simply never took the case

19   schedule seriously.

20          To date Evolve has produced only 500 documents.  Evolve says these 500 documents

21   come from "some targeted email reviews and production," but from Evolve's section of the letter

22   brief, it sounds like "the broader scope of an email review" either recently started is about to start.

23   *See* ECF No. 95 at 3 ("Evolve has produced almost all the documents that do not require broad

24   email searches and/or significant redactions.").  Evolve says there is significant PII in the

25   potentially responsive documents that needs to be redacted under federal and state privacy laws,

26   but it sounds like the redaction project either hasn't started or has just started.  Evolve says it has

27   identified 60,000 documents that it needs to review for responsiveness, privilege and

28   confidentiality, and it expects that number to "at least double."  What a sorry state Evolve is in 49

United States District Court
Northern District of California

days before the close of fact discovery.

As you know, the substantial completion of document production is often a gating item for depositions to start. Here, where Evolve has produced essentially nothing, it is not reasonable to expect Yotta to start taking any depositions. For this case to remain on track, therefore, Evolve needs to complete its document production as fast as possible. Yotta argues that the Court should order Evolve to complete its document production by November 4, 2025, which is four days from now. Although the current, unsatisfactory state of affairs is Evolve's fault, the Court is persuaded that it is probably impossible for Evolve to complete its document production in four days. Evolve argues for a November 21, 2025 deadline, and that this deadline should apply to both sides. However, that would be 28 days before the close of fact discovery, which would turn document review (by Yotta of Evolve's documents), deposition preparation, and the depositions themselves into a chaotic mad dash. The Court does agree with Evolve, however, that the substantial completion deadline should be the same for both sides. For its part, Yotta told Evolve that it would produce its documents by November 14, 2025, but Yotta's description of what it will be producing makes it sound like this document production is not burdensome.

The Court thinks that 10 days is a sufficient amount of time for the parties to substantially complete their document productions. Nothing in Yotta's section of the letter brief suggests this will be difficult for Yotta. This deadline will be difficult for Evolve, but it is possible to review a hundred or two hundred or even three thousand documents in 10 days. It will be a lot of work, and it will not be easy, but it is possible, and Evolve needs to do it. Evolve may need to hire additional document reviewers, perhaps many of them, to meet this deadline. But this effort and this deadline are proportional to the needs of the case because Evolve's delay in producing documents, in a manner that completely disregards the fact discovery cutoff that has been in place for more than nine months, is unacceptable.

Accordingly, the Court **ORDERS** that Yotta and Evolve must both substantially complete their document productions by November 10, 2025. The parties must also produce their privilege logs by November 10, 2025. If Evolve does not receive permission from the Federal Reserve to log any material subject to the bank examination privilege and/or that constitutes confidential

United States District Court
Northern District of California

supervisory material in time to meet the November 10 deadline for privilege logs, it may omit those items from the log and serve a supplemental log when it receives that permission.

**IT IS SO ORDERED.**

Dated: October 31, 2025

THOMAS S. HIXSON
United States Magistrate Judge