UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>EVOLVE BANK & TRUST,<br><br>    Defendant. | Case No.  24-cv-06456-TLT   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 114, 115, 116 |

The parties filed a trio of joint discovery letter briefs on November 26, 2025 at ECF Nos. 114, 115 and 116.  The Court addresses them here.

**A.   ECF No. 114**

In ECF No. 114, Yotta moves to compel on a subpoena to non-party Mercury concerning three requests for production and five deposition topics.  Mercury opposes the motion.

The Court **DENIES** the motion to compel as to the document requests.  Evolve is the Defendant in this case, and the Court does not see how documents in Mercury's but not Evolve's possession (which is what a subpoena to a non-party should be seeking) could have any relevance to this case.

The Court **GRANTS** the motion to compel as to deposition topics 1-4.  These topics seek factual testimony that is relevant to the case, and they are not burdensome.  In light of the Court's ruling on the document requests, the Court **DENIES** the motion to compel as to topic 5.

**B.   ECF No. 115**

In ECF No. 115, Evolve moves for a protective order limiting Yotta to the presumptive limit of 10 depositions, and Yotta cross moves for leave to take 16 depositions.  The Court agrees

with Evolve, for two reasons.

First, this case does not warrant more than ten depositions per side. It is just not complicated enough.

Second, even if the Court might have entertained this request earlier in fact discovery, it will not entertain it now. Yotta filed this request on November 26, 2025, when there were 23 days left in fact discovery, seven of which were weekends or a federal holiday. Assuming you like to work on the day after Thanksgiving, this means Yotta filed this request for 16 depositions when there were 16 work days left in fact discovery. Even if the Court had granted Yotta's request the day it was filed, the Court doubts that these depositions could have been completed by the close of fact discovery. This looks instead like a last-minute request for discovery that can't be completed in time.

Accordingly, for both for both of these reasons, the Court **GRANTS** Evolve's motion for a protective order and **DENIES** Yotta's request for 16 depositions.

## C.     ECF No. 116

In ECF No. 116, Evolve moves to compel the deposition of Ken Moelis. Evolve contends that Moelis is a principal angel investor in Yotta. He is also the father of Yotta's co-founder and CEO Adam Moelis. Yotta opposes the motion.

Evolve has made a factual showing that Moelis has at least some relevant knowledge, and that is generally the standard for getting to depose someone. Yotta argues that this deposition is unwarranted because Moelis did not conduct the kind of due diligence that an investor would ordinarily conduct before deciding whether to invest in a company, and that after the investment was made, he did not spend time monitoring it. However, those are the unsupported assertions of counsel, and Evolve is entitled to depose Moelis to see if that those things are true.

Yotta argues that this deposition is harassing. But since Yotta acknowledges that Moelis was indeed an investor (through a family trust) in the first round of Yotta fundraising, the Court cannot conclude that this deposition is harassing. Yotta also argues that it had other investors who made much bigger investments, but there is nothing illogical about preferring to depose a very early investor instead of a later or larger one. None of Yotta's other arguments are availing.

Accordingly, the Court **GRANTS** Evolve's motion to compel.

**IT IS SO ORDERED.**

Dated: December 1, 2025

THOMAS S. HIXSON
United States Magistrate Judge

3