UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES INC.,<br>Plaintiff,<br>v.<br>EVOLVE BANK & TRUST,<br>Defendant. | Case No. 3:24 CV-06456-TLT<br>**JOINT DISCOVERY LETTER**<br>Trial Date: June 21, 2027<br>Date Action Filed: Sept. 13, 2024 |

The parties met and conferred in good faith to resolve their disputes prior to filing the letter but were unable to do so. Pursuant to the Court's Standing Order in Civil Cases § 21, Defendant and Plaintiff submit this joint letter addressing Defendant's request to compel Plaintiff to produce documents responsive to Evolve's Second Set of Requests for Production.

Dated: December 4, 2025

Respectfully submitted,

Mandel Bhandari LLP

By: */s/ Rishi Bhandari*
RISHI BHANDARI
Attorney for Plaintiff
Yotta Technologies Inc.

Orrick, Herrington & Sutcliffe LLP

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorney for Defendant
Evolve Bank & Trust

## I. **DEFENDANT'S SECTION**

Yotta should be (i) compelled to produce documents responsive to Evolve's Second Set of Requests for Production by December 8, 2025, (ii) prohibited from asserting these same objections to Evolve's Third Set of Requests for Production served on November 4, 2025 and Evolve's Fourth Set of Requests for Production served on November 18, 2025, and (iii) compelled to produce documents responsive to the Third and Fourth set of requests on their respective response deadlines. Further, Evolve requests that the Court order the parties to mutually exchange portions of joint discovery dispute letters upon the request of either party within twenty-hours and require filing within forty-eight hours absent consent of both parties to a longer filing deadline.

To start, Yotta asks this Court to deny Evolve's request because it did not meet and confer prior to requesting Yotta provide its portion of a joint letter, but Yotta's conduct speaks for itself. *See* Ex. B. It demonstrates that Yotta did not offer to meet and confer in good faith and is simply attempting to further delay an overdue production to prejudice Evolve. While Yotta attempts to re-write history and its objections in its portion of the letter, Yotta did not assert any specific objections on burden or overbreadth. Instead, Yotta served boilerplate objections and categorically refused to review, collect, or produce any documents in response to Evolve's timely requests. Ex. A. Moreover, as shown in the parties' exchange, Yotta did not respond to Evolve's initial requests for clarification, and when Evolve followed up, Yotta tried to turn Federal Rule of Procedure 34 on its head and said that Evolve had to identify what it thought was missing from Yotta's production in Response to Evolve's *First* Set of Requests before it would look for the documents requested in Evolve's *Second* Set of Requests. But Yotta's initial document dump does not excuse it from its obligations under Rule 34. Evolve made specific targeted requests in its Second Set of Requests aimed at its defenses in this action and Yotta is required to search for and produce those documents.

Perhaps even more importantly, to the extent Yotta believes that any certain requests are overbroad, it should have raised those objections and sought or offered to meet and confer prior to the substantial completion deadline. Evolve would have happily made itself available to meet and confer and narrowed as appropriate.

Evolve and Yotta also met and conferred today and would have sooner if Yotta's counsel had clarified the scope of Yotta's objections and shown a willingness to meet and confer in good faith. But the record speaks for itself and Evolve requires relief from the Court now (not on Yotta's prolonged timeline) due to Yotta's consistent pattern of delay as further explained below. Indeed, on the meet and confer today, Yotta agreed to take some categories of documents back to his client but did not make any commitments on what documents it would produce or when it would do so. the Court set a substantial completion for both parties of November 10, so that parties would have sufficient time to review those documents and prepare for depositions. Evolve's first deposition is today and thus, Yotta's gamesmanship has already prejudiced Evolve.

Yotta is in plain violation of this Court's Order regarding substantial completion. On October 31, 2025, this Court ordered both parties to substantially complete their respective document productions by November 10, 2025. ECF No. 97 at 2 ("The Court ORDERS that Yotta and Evolve must both substantially complete their document productions by November 10, 2025."). In so ordering, the Court recognized that this would be a heavy lift but explained that "it is possible to review a hundred or two hundred or even three [hundred] thousand documents in 10 days." *Id.*

Yotta did not object to this Order. Instead, Yotta unilaterally decided to disregard the Order with respect to Evolve's then-pending Second Set of Requests for Production and hid that it did not intend to produce any documents in response to those requests until the day they were due,

December 1, 2025. Evolve served Yotta with its Second Set of Requests for Production on October 30, 2025—the day before the Court ordered substantial completion, and 50 days before the December 19th close of discovery. Again, instead of objecting, Yotta indicated that it would comply and then did so in a manner that hid its noncompliance. First, Yotta served its productions via hard drive to the wrong location, which ensured that Evolve did not have access to the documents until a week after the production deadline. Then, when Evolve inquired about whether Yotta had produced all of the documents it received from its June subpoena to Synapse—and specifically referenced that those documents were responsive to RFP No. 50 of Evolve's Second Set of Requests for Production—Yotta admitted that it had not done so and framed it as an oversight instead of revealing that it had not made an attempt to produce any documents in response to Evolve's Second Set of Requests by the substantial completion deadline.

Evolve's requests are timely and Yotta cannot refuse to produce documents because "[i]t will be a lot of work" in a short period. ECF No. 97 at 2. This is in stark contrast to Yotta's request that the Court order Evolve to review and produce over 100,000 documents in four days. *See id.* This Court gave the parties 10 days to substantially complete production, and, at the time of the Order, Yotta had already received Evolve's Second Set of Requests. If Yotta thought it needed more time for this Second Set of Requests, it should have objected to the Order or sought clarification. It did not do so and Yotta proffers zero authority (nor can it) in support of its contention that it can disregard Evolve's targeted Second Set of Requests for Production. Moreover, Yotta now contends that it is "demonstratively false" that it did not produce any documents in response to Evolve's Second Set of Requests, but Yotta's responses as served tell a different story. All but one response states "Yotta will not produce any additional documents to this Request" and obfuscates whether it ever produced any documents in response to those requests.

Yotta's claim that Evolve's Second Set of Requests were served in bad faith to delay disposition are without merit.[1] Evolve's Second Set of Requests for Production all plainly seek relevant information, including information that is critical to rebut Yotta's damages claims in this case. And while Evolve is still evaluating Yotta's Nov. 10th production (which Evolve was not able to access until November 17), it is clear that that production did not include documents responsive to Evolve's targeted Second Set of Requests. For instance, Request No. 33 seeks "All Communications and Documents evidencing any contemplated or actual offerings of Yotta's securities." In response to this request, Evolve would expect to see, among other things, 409A valuations because they are routinely performed to determine the fair market value of a private company's common stock in order to set the strike price of issued employee stock options (thus evidencing a contemplated offering of Yotta securities), and the employee stock options generated represent actual offerings of Yotta's securities. Companies are required to obtain 409A valuations before offering equity (including stock options) and must update the valuations annually or sooner if there are material changes to the value of the business. *See, e.g.*, J.P. Morgan, 409A valuations: What every founder needs to know (Jun. 14, 2024), available at https://www.jpmorgan.com/insights/business-planning/409a-valuations-a-guide-for-startups. Evolve has not located any 409A valuation in Yotta's productions. This is just one example.

Yotta cannot disregard its obligations under the Federal Rules and refuse to produce documents in response to timely and properly served requests for production prior to the close of

[1] Yotta's contention that these requests were served in bad faith and an attempt to delay is particularly specious given the amount of third-party discovery *Yotta* has propounded after the Court's October 31, 2025 Order. Between November 5th and 17th, Yotta has served seven different third-party subpoenas, each with their own set of documents requests.

discovery. It should not be permitted to do so especially when the sole categorical excuse is because it would take a lot of work to comply. Discovery is a two-way street and Evolve respectfully requests this Court order Yotta to produce all documents responsive to Evolve's Second Set of Requests for Production by December 8, 2025. Further, given Yotta's apparent gamesmanship through the recent responses, Evolve respectfully requests that the Court's order on this dispute (1) make clear that these baseless objections cannot be asserted in response to Evolve's Third and Fourth Set of Requests, both of which were timely served pursuant to Federal Rule of Civil Procedure 34; and (2) require Yotta to serve any responsive documents concurrently with its responses thereto.

Last, Evolve respectfully requests an order from this Court requiring the parties to exchange portions of future joint discovery letters within 24hours of either party's request. There are 15 days left in the discovery period and Yotta has repeatedly refused to provide timely responses to disputes raised by Evolve. As shown in Ex. B attached hereto, immediately after receiving Yotta's deficient responses, Evolve conveyed that this critical dispute needed to be brought to the Court immediately and requested that Yotta provide its portion of a dispute letter by 3 pm ET the next day. Yotta did not even respond to Evolve's email (or request for clarification regarding the scope of its responses and objections) until after that time, and then, when Evolve followed up, Yotta still refused to provide its portion of the dispute letter or respond to Evolve's question. As shown in Ex. B, Yotta would not even commit to providing a response the following day. This is not an isolated incident. Yotta has repeatedly refused to provide its portion of joint letters concerning Evolve's disputes within 48 hours. For example, for the parties' dispute regarding the number of depositions (*see* ECF No. 115), Evolve told Yotta its intended to raise that issue with the Court on Nov. 20, 2025 and suggested a mutual exchange of positions the next day. Despite the impending depositions and repeated requests for Yotta's position, Yotta did not provide its portion of the letter until Nov. 24, 2025. While this timing would have certainly been fine when there were months left in the discovery period, there is not now, and Yotta's continued pattern of delay is prejudicing Evolve.

## II. <u>PLAINTIFF'S SECTION</u>

Evolve sent its section of this joint letter before the parties met and conferred as defined by Local Rule 1-5(n) and required by Local Rule 37-1. Evolve received Yotta's Responses and Objections to its Second Set of Requests and immediately sent an email demanding that Yotta provide its portion of a joint letter. *See* Ex. B; *see generally Aniel v. GMAC Mortg., LLC*, No. C 1204201 SBA, 2013 WL 2467929, at *1 (N.D. Cal. June 7, 2013) ("The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the court's, and the taxpayers' limited time, money, and resources."). After this letter was ready to be filed, Evolve finally agreed to talk, and the parties did so today between 9:30 and 10 a.m. PT. During that call, Evolve proposed that Yotta produce several documents and narrow groups of documents. We expect that Yotta will agree by tomorrow to produce most or all of those documents. But Evolve wanted to file this letter nonetheless. The dispute is not ripe and Evolve's request should be denied for that reason.

Evolve's request should also be denied on the merits. *First*, Evolve claims that Yotta did not produce any documents that were responsive to the Second Set of Requests. This is demonstrably false. Evolve's First Requests sought an extremely narrow set of documents. However, Yotta did not limit its initial document production in this case to the First Requests. Instead, it produced an extraordinarily broad set of documents that were relevant to Yotta's claims.

On November 10, Yotta produced over 400,000 documents.[2] Its initial production contained countless documents responsive to Evolve's Second Requests, many of which sought information that was also sought in the First Requests. For instance, RFP48 seeks documents that Yotta produced to any regulatory or enforcement agency. Yotta produced over 250,000 documents responsive to this Request on November 10. RFP34 from the Second Set demands "Communications with third parties Concerning allegations in Your Complaint, including Synapse employees. This is already covered by more targeted requests from Evolve's First Set, including No. 22 ("All Documents and Communications Relating to Your contention that Yotta End Users' funds are missing because of Evolve Bank & Trust's misconduct"), No. 23 ("All Documents and Communications Relating to Your contention that Evolve Bank & Trust made intentional misrepresentations of fact to Plaintiff") and No. 24 ("All Documents and Communications Relating to Your contention that Evolve Bank & Trust and Synapse conspired and agreed to commit fraud"). Yotta agreed to produce and has produced documents responsive to RFP22-24, and produced countless documents responsive to RFP34 that do not fall within RFP22-24. *See* Ex. C. RFP35 seeks documents concerning investigations into Yotta end user funds, and RFP39 seeks all documents concerning "Yotta's decision to rely, in any manner, on Evolve's platforms or services." These Requests are duplicative of Requests from Evolve's First Set, specifically Nos. 4, 5, 13, 14, 15, 16, 18, 19, and 22 to 24. Yotta produced countless documents responsive to RFP35 and 39. RFP38, RFP43-47, RFP51-58 seek documents concerning Yotta's business model and plan and strategies. Although these Requests are overbroad, Yotta produced extensive documents responsive to them. Evolve admits in this letter that Yotta has already produced documents responsive to RFP50, which seeks documents produced by third-parties.[3] RFP61-63 seek

---

[2] Evolve asserts that Yotta violated the Court's October 31 Order setting the November 10 substantial completion deadline by failing to respond to the Second Requests – which were served on October 30 – by November 10. In the Joint Discovery Letter that led to the October 31 Order, "Evolve request[ed] that the Court order that any further productions to additional requests for production be served concurrently with each party's written responses." (ECF No. 95 at 5.) The Court denied this request *sub silentio*. (ECF No. 97.) It is absurd for Evolve to now argue that an Order denying its application to set a December 1 deadline for producing documents meant that Yotta had to produce the documents by November 10.

[3] Evolve claims that Yotta improperly produced documents that it received from Synapse after November 10. Evolve's First Requests did not seek documents that Yotta received in response to third-party subpoenas. The only subpoena at issue at the time was the Synapse subpoena. Based on conversations that Yotta had with the Synapse Trustee and the fact that, in the Synapse Bankruptcy Case, Evolve became the official custodian of Synapse's records, Yotta understood that Evolve had already received all of the documents Synapse produced in response to the subpoena. However, out of an abundance of caution, in its objections to the First Requests, Yotta explicitly told Evolve that it was not producing any documents that Yotta received from Synapse:

> Yotta objects to the Document Requests to the extent they seek information already in the possession of Defendant. In particular, filings in the Synapse Bankruptcy action indicate that Evolve has received certain materials from the Synapse Trustee. Yotta has received at least some of those same materials from the Synapse Trustee. Because the materials Yotta received from the Synapse Trustee are already in Evolve's custody, possession, and control, Yotta will not produce them to Evolve in response to these Requests.

documents concerning Yotta's in-person meetings with Evolve and Synapse. Yotta has already produced all non-privileged documents responsive to these Requests that could be located after a reasonable search.

In fact, Evolve has already conceded that Yotta's initial document production was not limited to documents responsive to the First Requests. In a recent filing, Evolve admitted that "[t]he breadth of [Yotta's initial] production suggests that Yotta did not meaningfully undertake a responsiveness review prior to its production, and Evolve may need relief from the Court as a result." (ECF. No. 105 at 10.)

*Second*, many of the other requests from the Second Set are overbroad and at minimum not proportionate to the needs of the case. For instance, RFP40 demands "All Communications and Documents regarding Yotta's sources of funding (past, current, and prospective), including but not limited to venture capital funding procured through funding rounds, or funding received from individuals (e.g., friends and family, individuals, etc.)," RFP44 requests "All Communications and Documents discussing Yotta's considerations and strategy Concerning how and where it markets its services, or changes to that strategy including, but not limited to, all Communications and Documents discussing Yotta's strategy about its marketing channels for its services, such as YouTube, Twitter, Snapchat, Instagram, Facebook, Google, Yahoo, or any other websites where Yotta re-markets or otherwise advertises its services," and RFP47 is for "All Communications and Documents discussing Yotta's future business plans and prospects, including but not limited to business forecasts." RFP42 seeks documents referring to litigation financing and is entirely improper (though the issue is moot because Yotta has no litigation financing).

Even if the Requests were not overly burdensome and disproportionate in and of themselves, they are overly burdensome and disproportionate at this stage of the case. Because Evolve refused to engage in discovery for the first ten months of discovery, the document productions and depositions are being conducted over a roughly seven-week period, which included Thanksgiving. All depositions are being conducted during a thirteen business-day window. Evolve decided to serve 71 of its 103 document requests in the last seven weeks of discovery. Evolve argues that it should have nine months to produce its documents but Yotta should have only thirty days. This is ridiculous. Evolve cannot use its own dilatory conduct to force Yotta to collect, review, and produce overly broad categories of documents during the few weeks that it has to review Evolve's documents and take and defend depositions.

The reality is that Evolve has already received all of the documents that it is entitled to in this case. And that is why it refuses to work with Yotta to identify the documents that (a) it actually wants and (b) are actually missing from Yotta's voluminous production. If there are certain specific, narrowly targeted documents or groups of documents Evolve believes it is entitled to that have not already been produced, it should identify them, and, if there is a disagreement, meet and confer with Yotta about them. When the parties met and conferred about Yotta's objections to Evolve's First Requests, the parties were able to resolve everything.

---

Although the parties met and conferred about Evolve's many problems with Yotta's objections to the First Requests, Evolve never raised this issue. When Evolve did belatedly raise documents produced by Synapse, Yotta immediately explained what it received from Synapse, and the parties immediately agreed what Yotta would produce. In short, Evolve did not seek the Synapse documents in the First Requests, Yotta explicitly told Evolve that it was not producing them because Evolve already had them, and the moment that Evolve raised the issue it was resolved. (In contrast, Yotta did request the documents Evolve received from the Synapse Trustee, Evolve refused to disclose what it received, nevermind actually produce the material.)