# Exhibit A

RISHI BHANDARI (SBN 226055)
rb@mandelbhandari.com
**MANDEL BHANDARI LLP**
80 Pine Street, 33rd Floor
New York, NY 10005
Telephone: (212) 269-5600
Facsimile: (646) 964-6667

*Attorneys for Plaintiff Yotta Technologies Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YOTTA TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>-against-<br><br>EVOLVE BANCORP, INC., and EVOLVE BANK & TRUST,<br><br>Defendants. | Docket No: 3:24-cv-6456<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT EVOLVE BANK & TRUST'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Trina L. Thompson<br><br>Trial Date: June 21, 2027<br><br>Date Action Filed: Sept. 13, 2024 |

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Yotta Technologies hereby responds to Defendant Evolve Bank & Trust's Requests for the Production of Documents (the "Document Requests") as follows:

## GENERAL OBJECTIONS

The following general objections are incorporated into each specific response and objection to the Document Requests as if fully set forth in such response and objection. To the extent that a particular General Objection is cited in a specific response, it is provided because it is believed to be particularly applicable to the specific Request, and all other General Objections still apply to that response and are not waived.

1. Yotta objects to the Document Requests to the extent they require disclosure of information that is protected by the attorney-client privilege, attorney work-product privilege, or any other applicable privilege or is otherwise protected from disclosure under applicable privileges, laws, or rules. Yotta further objects to providing any information concerning privileged documents that would, in effect, reveal privileged information.

2. Yotta objects to the Document Requests to the extent they may be construed to request disclosure of information not relevant to any party's claims or defenses or not reasonably calculated to lead to the discovery of admissible evidence.

3. Yotta objects to the Document Requests to the extent that they contain requests that are vague, ambiguous, overly broad, oppressive, duplicative or unduly burdensome.

4. Yotta objects to the Document Requests to the extent that they are not related to the time period at issue in this action. Yotta will meet and confer with Evolve about a relevant time period

5. Yotta objects to the Document Requests to the extent they seek information already in the possession of Defendant. In particular, filings in the Synapse Bankruptcy action indicate that Evolve has received certain materials from the Synapse Trustee. Yotta has received at least some of those same materials from the Synapse Trustee. Because the materials Yotta received from the Synapse Trustee are already in Evolve's custody, possession, and control, Yotta will not

produce them to Evolve in response to these Requests.

6. Yotta objects to the Document Requests to the extent they seek information more readily ascertainable by alternative means of disclosure.

7. Yotta objects to the Document Requests to the extent they seek confidential or proprietary business information.

8. Yotta objects to the Document Requests to the extent they seek information that is not in Plaintiff's possession, custody, or control.

9. Yotta has exercised due and reasonable diligence in responding to the Document Requests. Yotta reserves the right to supplement or amend any and all parts of the responses provided herein, and to object to the admissibility in evidence of any of the information contained in the responses, any portion of the documents produced in response to Evolve's requests, and any information contained in the documents. Yotta's objections as set forth herein are made without prejudice to Yotta's right to assert any additional or supplemental objections should Yotta discover additional grounds for such objections.

10. Yotta submits these responses without conceding the relevancy or materiality of the subject matter of any request, response thereto, or document.

11. Yotta submits these responses and shall make documents available for inspection and copying without waiving any applicable privilege. In the event that Yotta makes any privileged document available to Evolve, whether inadvertently or otherwise, Yotta does not waive and reserves its right to assert any applicable privilege and require that the document be returned to Yotta.

12. Yotta objects to the Document Requests to the extent that Evolve seeks to impose on Yotta any obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the Norther District of California, and other applicable statues, rules, and case law.

13. Yotta's objections and responses to specific items in the Document Requests and Yotta's agreement to produce any responsive documents are not intended, nor should they be

construed, to imply that any responsive document in fact exists.

14. Yotta objects to the Document Requests on the ground that Evolve has engaged in discovery in bad faith. Evolve did everything in its power to delay discovery in this case. In addition. Evolve made a strategic decision to serve a narrow First Set of Document Requests. In the final weeks of party document discovery, Evolve served several sets of extremely broad discovery requests. Evolve knows perfectly well that it would be impossible to conduct the broad document discovery that Evolve sought in the final weeks of document discovery. This was yet another transparent attempt to delay discovery in this case.

**OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

15. Yotta objects to the definition of "Communication" to the extent it seeks to have Yotta search for and produce items outside of the bounds of any agreement the Parties may reach on electronically stored information ("ESI"), or purports to impose any obligations with respect to the production of ESI that are different from or in addition to those imposed by the Federal Rules of Civil Procedure and the Rules of the Northern District of California. Accordingly, for purposes of responding to these Requests, Yotta understands the term "Communication" to be limited to items that the Parties agree to search for and produce, via agreed-upon methodologies.

16. Yotta objects to the definition of "Document" to the extent it seeks to have Yotta search for and produce items outside of the bounds of any agreement the Parties may reach on ESI, or purports to impose any obligations with respect to the production of ESI that are different from or in addition to those imposed by the Federal Rules of Civil Procedure and the Rules of the Northern District of California. Further, Yotta objects to the extent the definition purports to include materials Yotta previously had, but no longer has, access to. Accordingly, for purposes of responding to these Requests, Yotta understands the term "Document" to be limited to items that the Parties agree to search for and produce, via agreed-upon methodologies.

17. Yotta objects to the definition of "Persons" as overbroad to the extent it includes successors, assignees, and heirs.

18. Yotta objects to instructions 18 and 22 to the extent that they purport to require

Yotta to do anything by way of response beyond what is required by the Federal Rules of Civil Procedure, any applicable Rules of the Northern District of California, and any agreement regarding ESI that the Parties may reach or that the Court may enter.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 33:**

**All Communications and Documents evidencing any contemplated or actual offerings of Yotta's securities.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

**All non-privileged Communications with third parties Concerning allegations in Your Complaint, including without limitation Sankaet Pathak, any Person currently or**

**formerly affiliated with or employed by Synapse or Synapse Brokerage LLC, and any Person identified in Evolve Bank & Trust's Requests.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 35:</u>**

**All Documents Concerning any analysis, audit, review, report, or investigation of funds that included the Yotta End Users' funds.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has

already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

**All Communications and Documents describing or otherwise evidencing the corporate structure of Benjamin Financial Services, Co., including but not limited to any structural charts or indexes referring to director, officer and/or employee roles within the corporation. For avoidance of doubt, this Request encompasses documents from the formation of Benjamin Financial Services, Co. to March 4, 2020.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

**All Communications and Documents describing or otherwise evidencing Yotta's**

**corporate structure, including but not limited to any structural charts or indexes referring to director, officer and/or employee roles within the corporation. For avoidance of doubt, this Request encompasses documents from Yotta's formation to present.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 37:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 38:</u>**

**All Communications and Documents, including drafts, evidencing Yotta's business or Strategic plans. For avoidance of doubt, this Request encompasses without limitation monthly quarterly, or annually prepared presentations or reports, as well as any Documents presented to Yotta's Board of Directors.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 38:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive

information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

**All Communications or Documents Concerning Yotta's decision to rely, in any manner, on Evolve's platforms or services.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

**All Communications and Documents regarding Yotta's sources of funding (past, current, and prospective), including but not limited to venture capital funding procured through funding rounds, or funding received from individuals (e.g., friends and family, individuals, etc.).**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

**Yotta's capitalization table(s) that details its equity ownership structure from its formation to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

**All Communications and Documents regarding or referring to any litigation financing or funding Yotta has received, or is seeking to receive or obtain, in connection with this Action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product

doctrine, and/or any other applicable privilege. Yotta further objects to this Request as irrelevant. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

**All Communications and Documents discussing Yotta's intention to go public or expand its business or operations in a similar manner.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

**All Communications and Documents discussing Yotta's considerations and strategy**

**Concerning how and where it markets its services, or changes to that strategy including, but not limited to, all Communications and Documents discussing Yotta's strategy about its marketing channels for its services, such as YouTube, Twitter, Snapchat, Instagram, Facebook, Google, Yahoo, or any other websites where Yotta re-markets or otherwise advertises its services.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 44:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 45:</u>**

**All Communications and Documents discussing or evidencing changes or contemplated changes in Yotta's business model, including but not limited to any decisions to expand or reduce services offered to consumers.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45</u>:**

Subject to and without waiving its general objections, as well as its objections to the

definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

**All Communications and Documents identifying, discussing, or analyzing Yotta's competitors.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product

doctrine, and/or any other applicable privilege. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

**All Communications and Documents discussing Yotta's future business plans and prospects, including but not limited to business forecasts.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

**Any and all Communications and Documents exchanged between Yotta and any**

**federal or State regulatory or enforcement agency.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 48</u>:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 49:</u>**

**All Communications or Documents supporting any actions that Yotta took to mitigate its purported damages and harm as set forth in the Complaint.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 49</u>:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other

applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

**All Documents Yotta received in response to any third-party subpoenas in this Action.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Yotta objects to this Request to the extent that it seeks documents received from the Synapse Trustee because the parties have already reached an agreement with respect to those documents and Yotta is not permitted to produce any documents that fall outside of the parties' agreement.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents received from the Synapse Trustee responsive to this Request. However, Yotta will produced documents received in response to other third-party subpoenas.

**REQUEST FOR PRODUCTION NO. 51:**

**All Documents and Communications Yotta exchanged with the trustee in the bankruptcy proceedings of Synapse, *In re Synapse Financial Technologies, Inc*. No. 1:24-bk-10646-MB (C.D. Cal. April 22, 2024).**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or

contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

**All Communications, data, and Documents relating to Yotta's marketing strategy and the characteristics of Yotta's actual customers, including customer segmentation studies or data on demographics.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on

the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

**All Documents discussing, evidencing, or otherwise Relating to any decision by Yotta to alter, change, consolidate, or wind down any portion of its business operations. For avoidance of doubt, this Request encompasses Documents that discuss the reasoning behind Yotta's decision.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

**Any Communications between Yotta and any of its investors regarding any decision to alter, change, consolidate, or wind down any portion of its business operations.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

**All Communications between Yotta and any of Yotta's Independent Board Members or Advisors, excluding those materials sent in the ordinary course of business to all Board members (e.g., Board decks), regarding the state of Yotta's business and Yotta's financial health, including Communications regarding projections, forecasts, cash burn, the performance of Yotta management, resignations of Yotta employees, investor communications, employee concerns, and/or investor concerns.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this

Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

**All Communications between Yotta and any of Yotta's shareholders, investors, or potential investors regarding the state of Yotta's business and Yotta's financial health, including Communications regarding projections, forecasts, cash burn, the performance of Yotta management, resignations of Yotta employees, investor communications, employee concerns, and/or investor concerns.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to

collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 57:</u>**

**All Communications between Yotta and investment bankers relating to Yotta's attempts to raise additional funds.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 57:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 58:</u>**

**All SWOT (strengths, weaknesses, opportunities, threats) analyses referring to the strengths and weaknesses of Yotta, divisions or teams within Yotta, or Yotta products/business lines.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 58:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as

vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

**All meeting minutes from Yotta's Board of Directors from the formation of Yotta to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and

produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

**All meeting minutes from Yotta's Independent Board Members or Advisors from the formation of Yotta to the present, if any.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

**Documents sufficient to show each time Yotta had an in-person meeting with Evolve Bank & Trust, including (i) the date of the meeting, (ii) the location of the meeting, and (iii) the subject matter of the meeting.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

**Documents sufficient to show each time Yotta had an in-person meeting with Synapse, including (i) the date of the meeting, (ii) the location of the meeting, and (iii) the subject matter of the meeting.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the

disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

**Documents sufficient to show each time Yotta had an in-person meeting with Synapse Brokerage, including (i) the date of the meeting, (ii) the location of the meeting, and (iii) the subject matter of the meeting.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta objects to this Request on the ground that Yotta has already completed a substantial document production in this case. And Yotta objects to this Request on the ground that it is being asserted in bad faith for the purpose of delaying the disposition of this case when Evolve knows perfectly well that there is insufficient time to collect, review, and produce documents responsive to this Request.

Subject to and without waiving any of the foregoing objections, Yotta will not produce any additional documents responsive to this Request.

**DATED:** New York, New York
December 1, 2025

By: /s/ Rishi Bhandari

Rishi Bhandari

MANDEL BHANDARI LLP
Rishi Bhandari
80 Pine Street, 33rd Floor
New York, NY 10005
T: (212) 269-5600
F: (646) 964-6667
rb@mandelbhandari.com

*Attorneys for Plaintiff*