# Exhibit C

RISHI BHANDARI (SBN 226055)
rb@mandelbhandari.com
**MANDEL BHANDARI LLP**
80 Pine Street, 33rd Floor
New York, NY 10005
Telephone: (212) 269-5600
Facsimile: (646) 964-6667

*Attorneys for Plaintiff Yotta Technologies Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

YOTTA TECHNOLOGIES INC.,

Plaintiff,

-against-

EVOLVE BANCORP, INC., and EVOLVE BANK & TRUST,

Defendants.

Docket No: 3:24-cv-6456

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT EVOLVE BANK & TRUST'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Judge: Hon. Trina L. Thompson

Trial Date: June 21, 2027

Date Action Filed: Sept. 13, 2024

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Yotta Technologies hereby responds to Defendant Evolve Bank & Trust's Requests for the Production of Documents (the "Document Requests") as follows:

## GENERAL OBJECTIONS

The following general objections are incorporated into each specific response and objection to the Document Requests as if fully set forth in such response and objection. To the extent that a particular General Objection is cited in a specific response, it is provided because it is believed to be particularly applicable to the specific Request, and all other General Objections still apply to that response and are not waived.

1. Yotta objects to the Document Requests to the extent they require disclosure of information that is protected by the attorney-client privilege, attorney work-product privilege, or any other applicable privilege or is otherwise protected from disclosure under applicable privileges, laws, or rules. Yotta further objects to providing any information concerning privileged documents that would, in effect, reveal privileged information.

2. Yotta objects to the Document Requests to the extent they may be construed to request disclosure of information not relevant to any party's claims or defenses or not reasonably calculated to lead to the discovery of admissible evidence.

3. Yotta objects to the Document Requests to the extent that they contain requests that are vague, ambiguous, overly broad, oppressive, duplicative or unduly burdensome.

4. Yotta objects to the Document Requests to the extent that they are not related to the time period at issue in this action. Yotta will meet and confer with Evolve about a relevant time period.

5. Yotta objects to the Document Requests to the extent they seek information already in the possession of Defendant. In particular, filings in the Synapse Bankruptcy action indicate that Evolve has received certain materials from the Synapse Trustee. Yotta has received at least some of those same materials from the Synapse Trustee. Because the materials Yotta received from the Synapse Trustee are already in Evolve's custody, possession, and control, Yotta will not

produce them to Evolve in response to these Requests.

6. Yotta objects to the Document Requests to the extent they seek information more readily ascertainable by alternative means of disclosure.

7. Yotta objects to the Document Requests to the extent they seek confidential or proprietary business information.

8. Yotta objects to the Document Requests to the extent they seek information that is not in Yotta's possession, custody, or control.

9. Yotta has exercised due and reasonable diligence in responding to the Document Requests. Yotta reserves the right to supplement or amend any and all parts of the responses provided herein, and to object to the admissibility in evidence of any of the information contained in the responses, any portion of the documents produced in response to Evolve's requests, and any information contained in the documents. Yotta's objections as set forth herein are made without prejudice to Yotta's right to assert any additional or supplemental objections should Yotta discover additional grounds for such objections.

10. Yotta submits these responses without conceding the relevancy or materiality of the subject matter of any request, response thereto, or document.

11. Yotta submits these responses and shall make documents available for inspection and copying without waiving any applicable privilege. In the event that Yotta makes any privileged document available to Evolve, whether inadvertently or otherwise, Yotta does not waive and reserves its right to assert any applicable privilege and require that the document be returned to Yotta.

12. Yotta objects to the Document Requests to the extent that Evolve seeks to impose on Yotta any obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the Norther District of California, and other applicable statues, rules, and case law.

13. Yotta's objections and responses to specific items in the Document Requests and Yotta's agreement to produce any responsive documents are not intended, nor should they be

construed, to imply that any responsive document in fact exists.

**OBJECTIONS TO DEFINITIONS & INSTRUCTIONS**

14. Yotta objects to the definition of "Communication" to the extent it seeks to have Yotta search for and produce items outside of the bounds of any agreement the Parties may reach on electronically stored information ("ESI"), or purports to impose any obligations with respect to the production of ESI that are different from or in addition to those imposed by the Federal Rules of Civil Procedure and the Rules of the Northern District of California. Accordingly, for purposes of responding to these Requests, Yotta understands the term "Communication" to be limited to items that the Parties agree to search for and produce, via agreed-upon methodologies.

15. Yotta objects to the definition of "Document" to the extent it seeks to have Yotta search for and produce items outside of the bounds of any agreement the Parties may reach on ESI, or purports to impose any obligations with respect to the production of ESI that are different from or in addition to those imposed by the Federal Rules of Civil Procedure and the Rules of the Northern District of California. Further, Yotta objects to the extent the definition purports to include materials Yotta previously had, but no longer has, access to. Accordingly, for purposes of responding to these Requests, Yotta understands the term "Document" to be limited to items that the Parties agree to search for and produce, via agreed-upon methodologies.

16. Yotta objects to the definition of "Persons" as overbroad to the extent it includes successors, assignees, and heirs.

17. Yotta objects to instructions 16 and 17 to the extent that they purport to require Yotta to do anything by way of response beyond what is required by the Federal Rules of Civil Procedure, any applicable Rules of the Northern District of California, and any agreement regarding ESI that the Parties may reach or that the Court may enter.

**RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

**Your corporate financial records, including annual reports, balance sheets, profit and loss statements, income statements, tax returns, other financial statements, and any**

**other documents reflecting Your overall financial condition and/or Your revenues and earnings.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, Yotta will produce monthly financial reports that were created in the regular course of business.

**REQUEST FOR PRODUCTION NO. 2:**

**All agreement(s), including amendments thereto, between You and Synapse or You and Synapse Brokerage LLC.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Yotta objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 3:**

**All Documents that reflect any factors considered in Your decision to enter into an agreement with Synapse in or around 2020.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 4:**

**All Documents and Communications referencing Evolve Bank & Trust prior to Your decision to enter into an agreement with Synapse in or around 2020.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Subject to and without waiving any of the foregoing objections, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control

and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 5:**

**All Documents and Communications Related to Your decision to move Yotta End Users' account balances away from Evolve Bank & Trust.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to the statement "Your decision to move Yotta End Users' account balances away from Evolve Bank & Trust" as vague, ambiguous, misleading, and inaccurate. Yotta further objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control concerning its decision to utilize Synapse Brokerage Services that can be located based on a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 6:**

**Exemplars of all Documents and Communications sent to Yotta End Users regarding the transfer of their account balances from Evolve Bank & Trust to the Synapse Brokerage Cash Management Program or Synapse Brokerage LLC.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to the statement

"transfer of their account balances from Evolve Bank & Trust to the Synapse Brokerage Cash Management Program or Synapse Brokerage LLC" as vague, ambiguous, misleading, and inaccurate. Yotta further objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, Yotta will produce exemplars of any standard messaging provided by Yotta to Yotta End Users regarding the transition of services to Synapse Brokerage that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

**Exemplars of all Documents and Communications sent to Yotta End Users regarding the opening of accounts with the Synapse Brokerage Cash Management Program or Synapse Brokerage LLC.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and duplicative. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, Yotta will produce

exemplars of any standard messaging provided by Yotta to Yotta End Users regarding the transition of services to Synapse Brokerage that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

**Documents and Communications sufficient to show the content and timing of any notice from You or Synapse to Yotta End Users in any format, including without limitation communications displayed on or through the Yotta App, regarding the expected and actual transfer of their account balances away from Evolve Bank & Trust to the Synapse Brokerage Cash Management Program or Synapse Brokerage LLC.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to the language “transfer of their account balances away from Evolve Bank & Trust” as vague ambiguous, misleading, and inaccurate. Yotta objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and duplicative. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, Yotta will produce exemplars of any standard messaging provided by Yotta to Yotta End Users regarding the transition of services to Synapse Brokerage that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

**All Documents and Communications from You or Synapse to any person indicating the financial institutions or other entity, including Synapse or Synapse Brokerage LLC, at which the account balances of Yotta End Users were held from September 1, 2023 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 10:**

**Exemplars of all agreement(s), including amendments thereto, between You and Yotta End Users who had accounts with Evolve Bank & Trust.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 11:**

**Exemplars of all agreement(s), including amendments thereto, between You and Yotta End Users who had accounts with Synapse Brokerage LLC or Synapse Cash Management Program.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

**Documents sufficient to identify any individuals who closed their Yotta accounts or chose not to enroll in a Yotta fintech product due to the allegations in the Complaint.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, Yotta will produce any non-privileged documents concerning Yotta End Users closing their accounts because of the

conduct alleged in the Amended Complaint that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 13:**

**All Documents and Communications with Synapse regarding the location of Yotta End User Funds from September 1, 2023 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 14:**

**All Documents and Communications with Lineage Bank regarding the location of Yotta End User Funds from September 1, 2023 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or

contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 15:**

**All Documents and Communications with AMG National Trust regarding the location of Yotta End User Funds from September 1, 2023 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 16:**

**All Documents and Communications with American Bank, N.A. regarding the location of Yotta End User Funds from September 1, 2023 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 17:**

**All Documents and Communications with Thread Bank regarding the location of Yotta End User Funds from September 1, 2023 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as seeking documents that are irrelevant to the claims and defenses in this case. Yotta further objects to this Request as vague and ambiguous, overly broad and unduly burdensome. In light of the foregoing objections, Yotta will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

**All Documents and Communications with any other program bank or partner bank**

**of Synapse or Synapse Brokerage LLC regarding the location of End User Funds from September 1, 2023 to the present.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as duplicative of Evolve's other requests. Yotta further objects to this Request as vague and ambiguous, overly broad and unduly burdensome. In light of the foregoing objections, Yotta will not produce documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

**All Documents and Communications with Synapse Brokerage LLC regarding the location of Yotta End User Funds from September 1, 2023 to the present.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome Yotta further objects to this Request to the extent it requires Yotta to determine whether a sender or recipient is an employee or representative of Synapse Brokerage LLC as opposed to another Synapse entity. Yotta further objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

**All Communications between You and Sankaet Pathak Relating to the decision to transfer, or the transfer thereof, of the account balances of Yotta End Users from Evolve Bank & Trust to the Synapse Brokerage Cash Management Program and/or Synapse Brokerage LLC between January 1, 2023 to the present.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to the statement "transfer…of account balances from Evolve Bank & Trust to the Synapse Brokerage Cash Management Program and/or Synapse Brokerage LLC" as vague, ambiguous, misleading, and inaccurate. Yotta further objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**<u>REQUEST FOR PRODUCTION NO. 21:</u>**

**All Communications between You and Synapse or Synapse Brokerage LLC Relating to the decision to transfer, or the transfer thereof, the account balances of Your end users from Evolve Bank & Trust to the Synapse Brokerage Cash Management Program and/or Synapse Brokerage, LLC between January 1, 2023 to the present.**

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21:</u>**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to the statement "transfer… from Evolve Bank & Trust to the Synapse Brokerage Cash Management Program and/or Synapse Brokerage LLC" as vague, ambiguous, misleading, and inaccurate. Yotta further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and duplicative. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 22:**

**All Documents and Communications Relating to Your contention that Yotta End Users' funds are missing because of Evolve Bank & Trust's misconduct as alleged in Paragraph 69 in the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this request as non-sensical with respect to the Paragraph Number identified. Yotta further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and duplicative. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that

could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents relating to Yotta's contention that Yotta End Users' funds are missing because of Evolve's misconduct that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 23:**

**All Documents and Communications Relating to Your contention that Evolve Bank & Trust made intentional misrepresentations of fact to Plaintiff as alleged in Paragraphs 202-203 in the Complaint, including but not limited to, all communications referenced therein.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and duplicative. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 24:**

**All Documents and Communications Relating to Your contention that Evolve Bank & Trust and Synapse conspired and agreed to commit fraud as alleged in Paragraph 211 in the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this request as non-sensical with respect to the Paragraph Number identified. Yotta further objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and duplicative. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents relating to Yotta's contention that Evolve conspired and agreed to commit fraud that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 25:**

**All Documents and Communications received from Evolve Bank & Trust prior to Yotta entering into an Agreement with Synapse in or around 2020.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as

vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 26:**

**All Documents and Communications Relating to Your contention that interest payments to You were suspended by Evolve Bank & Trust, including as alleged in Paragraph 257 in the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 27:**

**Documents sufficient to show all interest, rewards, or other payments made by Yotta to Yotta End Users from January 1, 2023 to the present, in the aggregate and at the individual Yotta End User level.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 28:**

**All Communications received from Evolve Bank & Trust's legal counsel as alleged in Paragraphs 87 and 88 in the Complaint.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to

competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Subject to and without waiving any of the foregoing objections, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**REQUEST FOR PRODUCTION NO. 29:**

**All Documents that refer to Yotta's principal place of business as New York.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request as seeking documents that are irrelevant to the claims and defenses in this case. In light of the foregoing objections, Yotta will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

**Exemplars of all Documents to Yotta End Users that state they were sent from New York, New York or otherwise include a New York address for Yotta.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad and unduly burdensome. Yotta objects to this Request as seeking documents that are irrelevant to the claims and defenses in this case. In light of the foregoing objections, Yotta will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

**Documents sufficient to show the dates the Documents produced in response to Request 26 were sent to Yotta End Users.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiving its general objections, as well as its objections to the

definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous and non-sensical the reference to Request 26 appears to be inaccurate and makes no sense. In light of the foregoing objections, Yotta will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

**All communications with Synapse or Synapse Brokerage LLC Relating to the interest payments Yotta received from Synapse.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiving its general objections, as well as its objections to the definitions and instructions, Yotta specifically objects as follows: Yotta objects to this Request as vague and ambiguous, overly broad, unduly burdensome, and duplicative. Yotta objects to this Request to the extent it seeks disclosure of documents and/or information that constitute or contain confidential or proprietary business information, trade secrets, commercially sensitive information, and/or any other competitively sensitive information that could irreparably harm Yotta if disclosed to competitors. Yotta also objects to this Request to the extent it seeks documents covered by the attorney-client privilege, work product doctrine, and/or any other applicable privilege.

Subject to and without waiving any of the foregoing objections, including General Objection #5, Yotta will produce any non-privileged responsive documents that are in its possession, custody, and control and can be located after a reasonable search consistent with ESI protocols agreed upon in this matter.

**DATED:** New York, New York
October 15, 2025

By: /s/ Rishi Bhandari
Rishi Bhandari

MANDEL BHANDARI LLP
Rishi Bhandari
80 Pine Street, 33rd Floor

New York, NY 10005
T: (212) 269-5600
F: (646) 964-6667
rb@mandelbhandari.com

*Attorneys for Plaintiff*