UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> EVOLVE BANK & TRUST, <br><br> Defendant. | Case No. 24-cv-06456-TLT (TSH) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 122 |

The parties have filed a joint discovery letter brief at ECF No. 122. In it, Evolve asks for four types of relief:

> Yotta should be (i) compelled to produce documents responsive to Evolve's Second Set of Requests for Production by December 8, 2025, (ii) prohibited from asserting these same objections to Evolve's Third Set of Requests for Production served on November 4, 2025 and Evolve's Fourth Set of Requests for Production served on November 18, 2025, and (iii) compelled to produce documents responsive to the Third and Fourth set of requests on their respective response deadlines. Further, Evolve requests that the Court order the parties to mutually exchange portions of joint discovery dispute letters upon the request of either party within twenty-hours and require filing within forty-eight hours absent consent of both parties to a longer filing deadline.

**A.   Request 1**

With respect to the first form of relief requested, Evolve's second set of RFPs contains 31 RFPs. Evolve's section of the letter brief discusses RFP 33, which requests "All Communications and Documents evidencing any contemplated or actual offerings of Yotta's securities." Evolve states that Yotta's document production should have contained 409A valuations and that "[t]his is just one example" of the way in which Yotta's production in response to RFP 33 is deficient. But Evolve does not make any arguments that RFP 33 seeks documents that are proportional to the

needs of the case.  "All Communications and Documents evidencing" seems like it would include every email that discusses any contemplated or actual offerings of Yotta's securities.  Why would it be logical to order Yotta to produce that?  If this is damages discovery, and it seems like it probably is, why aren't company valuations good enough?  RFP 33 is very broad as drafted, and Evolve has not made any arguments that RFP 33 should be enforced as written.

There is a passing reference to RFP 50 in Evolve's section of the letter brief, but no legal arguments about it.  Evolve doesn't specifically mention any of the other RFPs in its second set but instead just says:  "Evolve's Second Set of Requests for Production all plainly seek relevant information, including information that is critical to rebut Yotta's damages claims in this case."

That's not good enough for a motion to compel.  A motion to compel is supposed to discuss the discovery requests at issue and explain why they seek relevant and proportional discovery.  You can't just gesture in the general direction of a big pile of discovery requests and announce they're all relevant.  You have to discuss them.  For example, RFP 36 requested:  "All Communications and Documents describing or otherwise evidencing the corporate structure of Benjamin Financial Services, Co., including but not limited to any structural charts or indexes referring to director, officer and/or employee roles within the corporation.  For avoidance of doubt, this Request encompasses documents from the formation of Benjamin Financial Services, Co. to March 4, 2020."  What is Benjamin Financial Services Co., and why is its structure relevant?

RFP 42 asked for "All Communications and Documents regarding or referring to any litigation financing or funding Yotta has received, or is seeking to receive or obtain, in connection with this Action."  How is litigation funding relevant?  RFP 45 asked for:  "All Communications and Documents discussing or evidencing changes or contemplated changes in Yotta's business model, including but not limited to any decisions to expand or reduce services offered to consumers."  Why are all of the changes or contemplated changes to Yotta's business model relevant?  What is the relevance of the documents sought by RFP 46 ("All Communications and Documents identifying, discussing, or analyzing Yotta's competitors.")?  Why should Yotta produce all the meeting minutes from all of its board of director meetings (RFP 59)?  Why do we need to know every single time anyone at Yotta had an in person meeting with anyone at Evolve

(RFP 61)?

A motion to compel is supposed to contain legal arguments for why the discovery at issue is relevant and proportional. Evolve's motion is essentially empty of content and is therefore **DENIED**.

**B.    Request 2**

Evolve's second request is that the Court order that Yotta cannot make the same objections to Evolve's third and fourth sets of RFPs that it made in response to the second set. The parties did not provide Evolve's third and fourth sets of RFPs, so the Court does not know what objections to those RFPs would be proper. Yotta's objections to the second set of RFPs included assertions of attorney-client privilege and attorney work product, as well as objections based on relevance, vagueness, burden, and so on. Without having seen the third and fourth sets of RFPs, the Court does not see how it can preemptively rule that all such objections are improper. Accordingly, Evolve's second request for relief is **DENIED**.

**C.    Request 3**

Third, Evolve asks the Court compel Yotta to produce documents responsive to the third and fourth sets of RFPs and to do so on the day its responses to the RFPs are due. But Evolve does not say what the third and fourth sets of RFPs asked for and does not present any arguments for why that discovery is relevant and proportional to the needs of the case. Therefore, its request is **DENIED**.

**D.    Request 4**

The Court **DENIES** this request as well. The parties have filed many joint discovery letter briefs, and there is no reason to think they need to be micromanaged in the way Evolve requests.

**IT IS SO ORDERED.**

Dated: December 5, 2025

THOMAS S. HIXSON
United States Magistrate Judge

3