1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    YOTTA TECHNOLOGIES INC.,                    Case No.  24-cv-06456-TLT   (TSH)

8                          Plaintiff,

9              v.                                **DISCOVERY ORDER**

10   EVOLVE BANK & TRUST,                         Re: Dkt. No. 128

11                         Defendant.

12

13          In ECF No. 128, Evolve moves to compel further responses to its interrogatories 1-21, and

14   Yotta opposes the motion.  The Court discusses the issues in turn.

15          Rogs 1-4 are contention rogs.  These rogs ask Yotta to describe "each alleged false

16   statement or omission," "all facts supporting Your contention," "each deduction Yotta alleges,"

17   and "each instance You contend."  Yotta's answers consist solely of objections.  In the letter brief

18   Evolve clarifies that, notwithstanding the phrasing of its rogs, it seeks an order requiring Yotta to

19   identify the material or principal facts that support its allegations, not literally every fact.  Yotta

20   contends that these rogs are premature, but that argument is erroneous because fact discovery

21   closes in seven days.  The Court **ORDERS** Yotta to answer rogs 1-4 by providing the material and

22   principal facts asked for in each rog (so, the material and principal false statements or omissions,

23   facts supporting, deductions alleged, and instances you contend).

24          For rogs 5-18, Evolve says they are "standard, core business-model discovery topics that

25   Yotta should have readily available and are proportional to the issues at stake in this litigation,"

26   but does not discuss any one of them in particular.  Evolve's theory of relevance seems to be that

27   Yotta's collapse is due to Yotta's own business model and therefore absolutely everything about

28   that business model is relevant to causation.  Yotta argues that these rogs are disproportionate and

United States District Court
Northern District of California

refers to rogs 7, 11, 13, 9, 15, 16 and 17 in particular.

The Court rejects Evolve's theory of relevance on proportionality grounds because it is completely boundless.  For example, Evolve wants to take discovery into all of Yotta's potential sources of funding over the last six years (rog 5), all businesses that were competitors (rog 6), every valuation of Yotta by anyone (rog 7), all aspects of Yotta's business model (rog 8), all of Yotta's market research regarding its business model (rog 9), user growth projections and changes to them regardless of the reasons (rog 10), all key performance indicators and whether they were met (rog 11), all regulatory approvals sought or obtained in every jurisdiction (rog 12), all efforts Yotta made to attract users (rog 13), all capital raised by Yotta ever and details about each investment or loan (rog 14), every instance in which Yotta ever failed to meet a financial target (rog 15), all financial due diligence conducted by anyone in connection with investing in Yotta (rog 16), all sources of Yotta's revenue ever (rog 17), and any "going concern" warning ever (rog 18).  This limitless discovery into all aspects of Yotta's business is not proportional to the needs of the case.

Further, because these are not contention rogs, the Court will not limit the required responses to the principal or material items.  A contention rog response is useful because it represents your opponent's contention.  But here, allowing Yotta to respond to these overbroad factual rogs with the information it thinks is principal or material would invite useless responses.

Next we come to rogs 19 and 20.  Evolve says rog 19 goes to causation and unclean hands, i.e., "showing that Yotta transferred all of its end users' funds out of Evolve and to Synapse Brokerage, which was run by Synapse, its beleaguered partner with whom Yotta had known issues."   And Evolve says that rog 20 pertains to Yotta's persistent misrepresentations about the location of its business operations.  Yotta says that rog 19 is compound but does not otherwise address these rogs.  Rog 19 is not compound.  As drafted, it sounds broad, but presumably Yotta had a standard consent process in place and has a database with user responses.  Rog 20 is unproblematic.

Lastly, we come to rog 21:  "For each Yotta response to Evolve's Requests for Admission that is something other than an unqualified admission, state the number of that request; all facts

upon which You base Your response; the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and identify all Documents and other tangible things that support Your response and state the names, addresses, and telephone numbers of all persons who ha[ve] each Document or thing." From ECF No. 128-2, it appears that Evolve has served at least 16 RFAs on Yotta.

California state court practitioners will recognize rog 21 as the familiar form rog 17.1 that is approved in state court. However, Yotta is correct that in federal court, Rule 33 governs. Rog 21 is at least 16 rogs and therefore violates the limit of 25 in Rule 33(a)(1).

Finally, Evolve argues that further rog responses should be due on December 15, and Yotta argues they should be due January 9. Today is December 12 and is a Friday, and the Court does not think it is feasible for Yotta to have revised responses by Monday. However, discovery closes on December 19, so responses must be provided by then.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Evolve's motion to compel. The Court **ORDERS** Yotta to respond to rogs 1-4 as limited by this order. The Court **ORDERS** Yotta to answer rogs 19 and 20. The Court **DENIES** Evolve's motion as to all the other rogs. Yotta's responses are due December 19, 2025.

**IT IS SO ORDERED.**

Dated: December 12, 2025

THOMAS S. HIXSON
United States Magistrate Judge