1  ARAVIND SWAMINATHAN (PRO HAC VICE)
   aswaminathan@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   401 Union Street, Suite 3300
3  Seattle, WA 98101
   Telephone:   +1 206 839 4300
4  Facsimile:   +1 206 839 4301

5  MARC R. SHAPIRO (PRO HAC VICE)
   mrshapiro@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 West 52nd Street
7  New York, NY 10019-6142
   Telephone:   +1 212 506 3546
8  Facsimile:   +1 212 506 5151

9  SARAH DAVIS (STATE BAR NO. 275145)
   sdavis@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
11 405 Howard Street
   San Francisco, CA 94105-2669
12 Telephone:   +1 415 773 5700
   Facsimile:   +1 415 773 5759
13
   Attorneys for Defendant
14 Evolve Bank & Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> EVOLVE BANK & TRUST, <br><br> Defendant. | Case No. 3:24 CV-06456-TLT <br><br> **EVOLVE BANK & TRUST'S AMENDED RESPONSE TO ADMINISTRATIVE MOTION TO SEAL** <br><br> Judge:   Hon. Trina L. Thompson <br> Trial Date: June 21, 2027 <br> Date Action Filed: Sept. 13, 2024 |

1  Pursuant to the Court's Order, Dkt. No. 147, Defendant Evolve Bank & Trust requests that the Court seal excerpts from the non-final transcript from the Rule 30(b)(6) Deposition of Evolve Bank & Trust by Christopher Vendetti ("Evolve's 30(b)(6) Transcript"), which was submitted to the Court under seal by Plaintiff Yotta Technologies, Inc. ("Yotta") on January 6, 2026, at Dkt. Nos. 141-1, 142-1, pursuant to the Court's December 31, 2025 Order, Dkt. No. 140.  Evolve's proposed redactions are reflected in the attached Exhibit A.

On December 11, 2025, Evolve designated the entirety of the Transcript confidential pursuant to the June 17, 2025 Stipulated Protective Order governing this case, Dkt. No. 61.  "When a party seeks to preserve the secrecy of sealed discovery material attached to non-dispositive motions, the party need only make a particularized showing under the good cause standard of Rule 26(c) to justify sealing the materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015).  Courts considering a sealing request under this standard rely on the authority in Rule 26 to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

Courts frequently seal materials that reflect confidential business information under Rule 26(c).  *See, e.g., Laatz v. Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2025 WL 460065, at *2-3 (N.D. Cal. Jan. 27, 2025) (applying the "good cause" standard and sealing deposition transcript that "would reveal confidential information about [the defendant's] database, proprietary electronic systems, internal procedures, and proprietary customer and sales information" based on declaration that disclosure "would harm [the defendant's] competitive standing").  Indeed, even applying the more stringent "compelling reasons" standard, courts have recognized that the disclosure of confidential business information that would "harm a litigant's competitive standing" can justifiably be filed under seal.  *See Synopsys, Inc. v. Siemens Indus. Software Inc.*, No. 20-cv-04151-WHO, 2021 WL 11679003, at *6 (N.D. Cal. Sept. 9, 2021) ("'sources of business information that might harm a litigant's competitive standing'" may be a compelling reason to seal) (quoting *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016)).

Here, there is more than good cause to seal the proffered excerpts of Evolve's 30(b)(6)

1  Transcript.[1]  *First,* as an initial matter, there is a limited right of public access or public interest in
2  matters "wholly related to the underlying causes of action in [the] case."  *Valenti v. Dfinity USA*
3  *Research LLC,* No. 21-CV-06118-JD, 2023 WL 3331310, at *5 (N.D. Cal. May 8, 2023).  Thus,
4  the fact that this transcript was ordered to be submitted to the Court in connection with a non-
5  dispositive discovery dispute weighs in favor of sealing. *See id.; see also Chavez v. Allstate*
6  *Northbrook Indem. Co.,* No. 22-cv-0166-AJB-MMP, 2025 WL 875910, at *1-2 (S.D. Cal. Jan. 29,
7  2025) (finding "good cause exists to file the deposition transcripts . . . under seal in connection with
8  this discovery motion" because the "underlying motion relates to discovery" and therefore, "does
9  not surpass the tangential relevance threshold").

10  *Second,* the portions of the Transcript that Evolve seeks to seal contain detailed discussion
11  of non-public proprietary, commercially sensitive, and confidential business information regarding
12  Evolve's financial, pricing, and business strategies, including proprietary and confidential internal
13  programs, processes, and policies, financial plans and objectives, and commercially sensitive
14  engagements with third parties, as well as the sensitive and proprietary confidential business
15  information of and pertaining to such third parties (who are not named as parties in this action).
16  *See* Declaration of Christopher Vendetti ("Vendetti Decl.") ¶¶ 4-6.  The excerpted portions also
17  include detailed discussion of internal account numbers and personally identifying customer
18  information, which Evolve is prohibited from disclosing publicly.  *Id.*  Courts in the Ninth Circuit
19  routinely seal such sensitive business information under the good cause standard (and under the
20  more stringent compelling reasons standard, as well, further evidencing the appropriateness of
21  sealing here).   *See, e.g.*, *Laatz,* 2025 WL 460065, at *2-3 (sealing "information about [the
22  defendant's] database, proprietary electronic systems, internal procedures, and proprietary
23  customer and sales information" under good cause standard based on the "compelling reasons" of
24  harm to competitive standing); *Miller v. Travel Guard Grp., Inc.*, No. 3:21-cv-09751-TLT, 2024

---

[1] Evolve notes that the non-final version of the transcript that was filed with the Court at Dkt. Nos. 141-1, 142-1, and attached as Exhibit A, includes typographical and attribution errors, which Evolve corrected through an errata in a timely manner. Evolve maintains that the premature disclosure of a non-final transcript is likely to engender misunderstanding by the public and cause embarrassment and annoyance to Evolve. *See Valenti*, 2023 WL 3331310, at *5 (sealing 30(b)(6) deposition transcript due to "possibility" it could cause "annoyance" or "embarrassment").

1  WL 5340802, at *1 (N.D. Cal. Nov. 19, 2024) (Thompson, J.) (finding compelling reasons to seal
2  pricing details where disclosure could risk "giving . . . competitors an unfair advantage"); *Rodman*
3  *v. Safeway Inc.,* No. 11-CV-03003-JST, 2015 WL 13673842 at *2 (N.D. Cal. Aug. 4, 2015)
4  (granting the defendant's request to seal "internal, nonpublic information discussing Safeway's
5  pricing strategy, business decision-making, customer research, and financial records, which would
6  expose Safeway to competitive harm if disclosed").[2]

7  Moreover, the excerpted portions of Evolve's 30(b)(6) Transcript contain lengthy and
8  detailed discussion of agreements that this Court has already sealed under the "compelling reasons"
9  standard, as well as other agreements containing similar confidential information and
10 confidentiality obligations. *See* Vendetti Decl. ¶ 5; Dkt. No. 69 (sealing the entirety of the
11 September 23, 2022 Master Banking Services Agreement and the September 28, 2022 Amendment
12 between Evolve and Synapse Financial Technologies, Inc. in connection with motion to dismiss)
13 (citing *Nicolosi.,* 2018 WL 10758114, at *2; *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d
14 1214, 1218 (C.D. Cal. 2024) ("[C]ourts have held that license agreements, financial terms, details
15 of confidential licensing negotiations, and business strategies are compelling reasons to prevent
16 competitors from leveraging this information to harm the designating parties in future
17 negotiations"); *Stout v. Hartford Life and Acc. Ins. Co.*, No. CV-11-6186-CW, 2012 WL 6025770,
18 at *2 (N.D. Cal. Dec. 4, 2012) (sealing a consulting services agreement between defendant and a
19 non-party where it "contain[s] confidential and proprietary information")).

20 Exhibit A contains narrowly tailored proposals, which are limited to those portions of the
21 Transcript that describe commercially sensitive and confidential competitive information, the
22 public disclosure of which would be harmful. Specifically, Evolve has a strong interest in
23 maintaining the confidentiality of its commercially sensitive, confidential, and proprietary
24 information, which includes Evolve's internal business policies, procedures, and strategy, details

---

[2] *See also Nicolosi Distrib., Inc. v. Finishmaster, Inc.,* No. 18-cv-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) ("The Court finds that compelling reasons exist to seal the three contracts . . . because they contain proprietary and confidential business information."); *SteppeChange LLC v. VEON Ltd.,* 354 F. Supp. 3d 1033, 1045-46 (N.D. Cal. 2018) (granting motion to seal documents containing, inter alia, nonpublic pricing terms).

concerning consultants and/or entities retained by Evolve in connection with the same, as well as the sensitive and proprietary information of and pertaining to third parties not named in this action. Vendetti Decl. ¶¶ 4-6. The public disclosure of such information would harm Evolve, its customers, and non-parties with whom Evolve has contractual relationships. Moreover, disclosure of Evolve's confidential business information would greatly harm Evolve's competitive standing and give its competitors an unfair advantage (including competitors that have been deposed in this very same lawsuit). *Id.* And finally, individual non-party customers and third parties have interests in maintaining the privacy of their sensitive information. Evolve is prohibited by law from publicly disclosing such customer information. *See* 15 U.S.C. § 6801(a) ("[E]ach financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."). Considering that the public has no right of access to this non-final deposition transcript "attached to a discovery motion unrelated to the merits of [the] case," *Ctr. for Auto Safety*, 809 F.3d at 1097, maintaining this information under seal is the only method to avoid these harms. *See* Civil Local Rule 79-5(c)(1). Therefore, good cause exists to maintain these proffered limited redactions under seal under Rule 26(c) and in accordance with Civil Local Rule 79-5(c)(1).

The materials Evolve asks the Court to maintain under seal are identified below:

| Document | Portions Sought to be Filed Under Seal | Brief Description of Content to be Sealed |
|---|---|---|
| Transcript of Evolve's 30(b)(6) Deposition by Christopher Vendetti | The portions of Exhibit A shown as redacted or outlined with a red line, which include the following page and line numbers:<br><br>Pages 3:19, 4:18-19, 5:10, 9:18, 9:21, 11:3-25, 13:12-13, 31:13-14, 31:17-32:13, 36:25-37:4, 37:7-11, 37:13-14, 37:22-24, 38:15-39:5, 44:22-23, 44:25-45:3, 46:3-4, 46:6-13, 46:15-18, 46:21-23, 46:25-47:5, 47:6-7, 47:9-11, | The portions of Exhibit A shown as redacted or outlined with a red line that contain discussions of:<br><br>• non-public proprietary, commercially sensitive, confidential business information regarding Evolve's financial, pricing, and business strategies, including proprietary and confidential internal programs, processes, and policies, financial plans and objectives, and commercially |

| Document | Portions Sought to be Filed Under Seal | Brief Description of Content to be Sealed |
|---|---|---|
| | 47:13, 47:16, 48:6-8, 48:15-17, 48:19-20, 48:22-49:2, 49:4-8 , 49:11, 49:21, 50:4, 50:24-51:5, 51:8-9 , 70:3, 70:15, 70:16-17, 70:22-23, 70:25-71:6, 71:7-9 , 71:16-17, 71:20-21, 72:9-10, 73:1-3, 73:5-18, 73:19, 73:20-22, 73:24-74:3, 74:4, 74:7, 74:8, 74:10, 78:7-10, 78:11, 78:15-17, 78:22-24, 82:2-4, 82:6-8, 82:9-11, 82:12-13, 82:14-17, 82:18-21, 82:22-23, 82:25-83:1, 83:2-4, 83:7-10, 83:12, 83:13-14, 83:16-19, 83:22-23, 83:24-84:2, 86:11, 86:12-13, 86:14, 86:15, 91:4-7, 91:11-12, 91:13, 91:14-17, 91:18, 91:19-22, 91:24-92:2, 92:3-5, 92:7-14, 92:16, 92:18-22, 92:24-93:2, 93:4-6, 93:8-12, 93:14-15, 93:16-94:3, 94:7-8, 94:10-12, 96:5-24, 98:19-23, 99:1-100:1, 100:3-20, 100:23-101:5, 101:7-23, 101:25-103:7, 118:15-24, 119:5, 119:6, 119:8, 119:13, 120:2, 120:3, 122:9-123:4, 123:15, 124:8, 139:23-140:2, 140:3-4, 142:1-2, 142:8-143:8, 143:10-23, 144:1-15, 145:6-8, 145:9-146:6,155:18-23, 155:24, 156:1-4, 156:5-7, 156:12-18, 157:7-8, 162:9, 162:10-18, 163:11-14, 163:17-19, 163:20-25, 164:1-4, 164:6-9, 164:10-11, 164:12-14, 164:15-19, 164:20-165:4, 165:5-11, 165:12-19, 165:20-166:1, 166:3-8, 166:9-15, 166:18-21, 166:23-24, 169:3 169:19, 170:4, 171:23, 173:9, 173:11-13, 174:18, 174:22-175:3, 175:10, 175:11, | - sensitive engagements with third parties;
- sensitive and proprietary confidential business information of and pertaining to third parties not named in this action;
- internal account numbers and personally identifying customer information, including personally identifiable customer information; and,
- agreements that have already been sealed by this Court (Dkt. No. 69). |

| Document | Portions Sought to be Filed Under Seal | Brief Description of Content to be Sealed |
|---|---|---|
| | 175:12, 175:18, 175:21, 175:24, 176:3, 176:12, 176:14, 176:15, 176:22-23, 177:3, 177:7, 177:16-20, 178:4, 178:6, 178:8, 178:15, 178:19, 178:21, 179:6, 179:12, 179:23, 180:11, 180:16, 181:12, 181:20, 181:22, 182:1, 182:14, 183:5-8, 195:24, 196:13, 196:14, 197:7, 197:8, 198:5, 202:7-12, 202:14-15, 204:23-24, 205:1, 205:9-11, 205:12-14, 205:17-18, 206:2-3, 207:1, 207:2-7, 207:8-209:8, 209:10-210:8, 210:10-14, 210:16-211:8, 211:11-24, 211:25-212:4, 212:7-10, 212:13-16, 219:25-220:2, 220:7-9, 226:16-18, 232:16, 233:1-8, 233:12, 233:14-18, 233:19-234:12, 234:14-16, 234:19-20, 234:22-235:5, 235:7-9, 235:10-236:2, 236:3, 236:7-237:6, 237:7-13, 237:16-238:7, 238:12-13, 238:15-18, 238:23-24, 239:2, 239:5-6, 239:7, 239:13-16, 239:19, 239:25-240:1, 240:4, 240:5-11, 240:13-19, 240:22, 240:24-241:4, 241:6, 241:20-21, 241:25, 242:2-10, 242:13-20, 242:21-243:8, 243:11-25, 244:4-5, 244:6-9, 244:11-245:4, 245:7-246:2, 246:5-9, 246:13-19, 246:23-247:23, 248:2-12, 248:16-249:11, 261:22-262:8, 262:13-22, 262:23, 262:24-25, 263:2-3, 263:5-8, 263:10-15, 263:16, 263:17-21, 263:24-264:5, 265:3-7, 265:17-19, 265:23-266:3, 266:4-10, 266:13-15, 266:20-267:1, 267:5-8, | |

| Document | Portions Sought to be Filed Under Seal | Brief Description of Content to be Sealed |
|---|---|---|
| | 267:11-14, 268:4-7, 268:16-19, 269:2-6, 269:14-16, 269:19-24, 269:25-270:7, 270:9-11, 271:10, 271:13, 271:15-19, 271:25-272:2, 272:10-15, 272:24-25, 273:6-7, 273:10-11, 273:13-14, 273:16-24, 274:20-22, 280:25-281:1, 281:7-11, 281:12, 281:16, Transcript Index pages 1-33 (pages 287-319 of the PDF). | |

For these reasons, Evolve asks the Court to find good cause to maintain these materials under seal.

Dated: January 29, 2026

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorney for Defendant
Evolve Bank & Trust