1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YOTTA TECHNOLOGIES INC.,

          Plaintiff,

    v.

EVOLVE BANK & TRUST,

          Defendant.

Case No.  24-cv-06456-TLT

**QUESTIONS FOR THE HEARING**

Re: Dkt. Nos. 65, 107

## I.    PERSONAL JURISDICTION & UCL STANDING

    A.    In the Court's previous Dismissal Order, at ECF 54, the Court granted Plaintiff leave to "amend the complaint to clarify that Plaintiff's principal place of business is California, not New York." ECF 54 at 6–7.[1]  While alleging that "Yotta's principal place of business is California" where its "sole . . . virtual office is located," Plaintiff offers that "[i]f, in the alternative, Yotta's principal place of business is New York, that would not change any of the analysis." ECF 57.[2]  In August 2023, Plaintiff represented that it was located at 33 Irving Place New York, NY 10011, in the Southern District of New York.  (*Compare* Swaminathan Decl. Ex. H, Amended Answer, Weiss v. Yotta Techs., Inc., No. 22-cv-08569, ECF No. 43 (S.D.N.Y. filed Aug. 3, 2023), *with* Swaminathan Decl. Ex. G, Complaint, Weiss v. Yotta Techs.,

---

[1] The Court requested Plaintiff to "make this jurisdictional clarification" noting that it would "reconsider jurisdiction if the amended complaint fails to address the Court's concerns regarding jurisdiction." ECF 54 at 7.  The Court had previously asked Plaintiff whether its nerve center was in New York or California.  ECF 49.

[2] The Court disagrees. If the Court has before it a New York Plaintiff suing a Tennessee Defendant, this Court, in the Northern District of California, must be especially satisfied that it has personal jurisdiction over the Defendant.

United States District Court
Northern District of California

1    Inc., No. 22-cv-08569, ECF No. 1 (S.D.N.Y. filed Oct. 7, 2022)).

2    i.    **To Plaintiff**: Please address Defendant's argument that Plaintiff has not

3    sufficiently addressed that its principal place of business is in California by

4    alleging that Plaintiff's "sole . . . virtual office" is located in San Francisco.[3]

5    ii.    **To Both Parties**: Please address the impact of a finding that Plaintiff is a New

6    York, not California, citizen on the question of jurisdiction and on the question of

7    Plaintiff's UCL claim.

8    iii.    Where a Court is dealing with a non-resident defendant, the Ninth Circuit has

9    established a three-part inquiry, referred to as the minimum contacts test, to

10    determine whether a court has specific personal jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id*. If the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (quoting B*urger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78, (1985)).

a.    **To Both Parties**: Please address whether the Court has personal

jurisdiction over the Defendant in this matter.

---

[3] The Court notes Plaintiff's assertion that Defendant waived the argument that the claims should be dismissed based on citizenship because Defendant admits Yotta is a California citizen in its second motion to dismiss at ECF 107 at 8. ECF 143 at 15. However, the Court has a duty to inquire, *sua sponte*, as to whether the Court has jurisdiction over Defendant. The Court is not satisfied that Defendant's acceptance *arguendo* that Plaintiff is a California citizen settles the question of Plaintiff's citizenship. Defendant specifically reserved the right to raise this issue. ECF ECF 143 at 15 n.13. ("If the Court were to find that Yotta is not a citizen of California, Evolve requests the opportunity to be heard further on the issue of diversity.").

United States District Court
Northern District of California

## II.    NECESSARY PARTY & INDESPENSIBLE PARTY

A.    The Court must determine whether Synapse is a necessary party to this litigation. In addition, should the Court find Plaintiff is a California citizen, the Court must determine whether by joining Synapse, diversity jurisdiction would be destroyed, and would thus warrant dismissal.

   i.    **To Defendant:** The Court recognizes the authority provided by both parties regarding Synapse's status as a "non-operating" entity.  ECF 143 at 11; ECF 148 at 8–10. The Court also recognizes Defendant's argument that Synapse and its former executives, currently facing regulatory scrutiny, have an interest in "defending against investigations and legal actions regarding the events Yotta has put at issue in this lawsuit." ECF 148 at 9.  The Court notes the following, albeit dated, authority from the Ninth Circuit on this topic: "As a general rule, no doubt, the corporation is a necessary and indispensable party to a suit of this kind, but there are exceptions to the rule, as where the corporation has been adjudicated a bankrupt, or has been dissolved." *Stewart v. Ahern*, 32 F.2d 864, 865 (9th Cir. 1929)

      a.    Please provide legal authority for the position that a non-operating corporation's former executives may claim an interest in an action such as to make the non-operating corporation itself a necessary party.

   ii.    **To Defendant**: Even if the Court finds that Synapse has a legally protected interest in a concrete, increased "risk of regulatory scrutiny," *Ward v. Apple Inc.*, 791 F.3d 1041, 1052–53 (9th Cir. 2015), please discuss how the Court could find that Synapse "claims an interest relating to the subject of the action" if Synapse and its former executives were aware of this action and has not filed any declaration, statement, motion for intervention, or the like to show that Synapse is *claiming* their legally protected interest. *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999).

   iii.    **To Plaintiff**: In *United States v. Bowen*, the Ninth Circuit found that Sterilization

3

1    Systems was not a necessary party because it "was aware of [the] action and

2    chose not to claim an interest." 172 F.3d at 689. The *Bowen* court cited *Northrop*

3    *Corp. v. McDonnell Douglas Corp.*, in support of its position. 705 F.2d 1030,

4    1043 (9th Cir.1983) (holding that the absent party, the government, was not

5    "necessary" within the meaning of Rule 19, in part because the government "has

6    never asserted a formal interest in *either* the subject matter of this action or the

7    action itself. On the contrary, the record reflects that the [g]overnment has

8    meticulously observed a neutral and disinterested posture....") (emphasis added).

9    Does the fact that Synapse is defending itself against regulatory action for the

10   exact same series of events that gave rise to this cause of action mean that

11   Synapse is "assert[ing] a formal interest in . . . the subject matter this action"

12   sufficient to satisfy the "claim" requirement of Rule 19. *See White v. Univ. of*

13   *California*, 765 F.3d 1010, 1026 (9th Cir. 2014) ("Indeed, the language of the

14   rule contemplates that a party need only have a "claim" to an interest. Fed. R.

15   Civ. P. 19(a)(2).")

16        iv.    **To Defendant**: Defendant argues that the Court cannot provide complete relief to

17               Plaintiff in Synapse's absence because Synapse "possesses unique assets and

18               information, including ledger data, that would be critical in ascertaining and

19               remedying any purported harm to Yotta." ECF 107 at 15.

20               a.    In light of Synapse's bankruptcy case, please describe how Synapse

21                     "possesses unique assets" relevant to this action.

22               b.    Please describe how Synapse's possession of *information* related to this

23                     litigation, *in isolation*, limits the Court's ability to provide complete relief

24                     to Plaintiff.

25   //

26   //

27

28

4

1

2

3      The parties are *invited* to respond in writing by **February 6, 2026**. A timely response will

4  allow the Court to take the matter under submission and prevent unnecessary travel.

5      A party may request that the court decide the matter on the briefs and without oral

6  argument pursuant to Civil L.R. 7-1(b); however, the Court will make a final determination upon

7  timely receipt of the responses to the Court's questions.

8      **IT IS SO ORDERED.**

9  Dated: February 4, 2026

10

TRINA L. THOMPSON
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California