UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOTTA TECHNOLOGIES, INC.,<br>Plaintiff,<br>v.<br>EVOLVE BANK & TRUST,<br>Defendant. | Case No. 3:24 CV-06456-TLT<br>**JOINT DISCOVERY LETTER**<br>Trial Date: June 21, 2027<br>Date Action Filed: Sept. 13, 2024 |

The parties met and conferred in good faith to resolve their disputes prior to filing the letter but were unable to do so. Pursuant to Magistrate Judge Hixson's Standing Order on Discovery, Defendant and Plaintiff submit this joint letter in which Plaintiff asks the Court to modify the Stipulated Protective Order, in this case, which was So Ordered on June 17, 2025 at ECF No. 61.

Dated: September 17, 2026

Respectfully submitted,

Mandel Bhandari LLP

By: */s/ Rishi Bhandari*
RISHI BHANDARI
Attorney for Plaintiff
Yotta Technologies, Inc.

Orrick, Herrington & Sutcliffe LLP

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorney for Defendant
Evolve Bank & Trust

# I. PLAINTIFF'S SECTION

Plaintiff Yotta Technologies, Inc. ("Yotta") respectfully requests that the Court modify the protective order governing the use of information disclosed in this case (the "Protective Order") to permit the discovery to be used in a substantially identical state court case.

## I. Background

As this Court is aware, Yotta is a fintech company that entrusted its customers' deposits to Defendant Evolve Bank & Trust ("Evolve"), a Tennessee bank. Evolve betrayed that trust, misappropriating and dissipating more than $80 million from Yotta's customers. To conceal its treachery, Evolve lied to Yotta and its customers by, among other things, delivering false account balance information and repeatedly promising Yotta that Evolve was a competent, regulated bank that was safeguarding the customer deposits. Eventually the scheme collapsed. Evolve's lies destroyed Yotta's business, which had been valued at over $100 million.

Under this Court's supervision, the parties conducted substantial discovery in this case, including the production of over 500,000 documents and depositions of over a dozen witnesses. On November 11, 2025, Defendant Evolve moved to dismiss Yotta's complaint pursuant to FRCP 12(b)(7). Evolve argued that third-party Synapse Financial Technologies, Inc ("Synapse") was a necessary and indispensable party but could not be joined in this action because its joinder would destroy diversity. ECF No. 107. On February 18, 2026, this Court granted Evolve's motion. ECF No. 158.

After this Court's dismissal, in addition to appealing the dismissal, Yotta filed a substantially identical complaint in California State Court on March 12, 2026 (the "State Court Action"). Consistent with this Court's order, Yotta named both Evolve and Synapse as defendants.

## II. The Protective Order Should Be Modified

Yotta now seeks to modify the Protective Order to permit discovery in this case to be used in the State Court Action. Paragraph 12.1 of the Protective Order authorizes the parties to seek modifications. Paragraphs 2.2 and 7.1 of the Protective Order prohibit the use of information produced in this case for any other purpose. Yotta is requesting changes to these two paragraphs to permit discovery in this case to be used in the State Court Action. A proposed order amending the Protective Order is attached as Exhibit A.

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation" because "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Requests to modify a protective order to allow use of documents in a collateral action are "generally granted" provided that the discovery is likely relevant to the collateral action based on a "rough estimate" of relevancy, reasonable restrictions continue to protect an affected party's interests, and the policy of avoiding duplicative discovery outweighs any countervailing reliance interest on the order. *Id.* at 1132-1133. As the claims in the State Court Action are essentially identical to those here, there is no question the discovery is relevant. As to reasonable restrictions, Yotta consents to the issuance of a protective order in the State Court Action that is substantially identical to the protective order issued here. Finally, as the Ninth Circuit has held, any reliance on the Protective Order is "considerably less" where it is a blanket protective order. *Id.* at 1133. Here, the Order offers blanket protection against use in other matters. *See id.* at 1131. Evolve understood this discovery would be used by Yotta in prosecuting its claims against it when Evolve made these disclosures; only the forum of the litigation has changed. The alternative would force the parties to spend thousands of hours re-inventing the wheel when litigating the same claims. Courts in this Circuit routinely approve similar amendments even where there is less overlap in the substantive

claims of the collateral action than exists here. *See, e.g. Halo Elecs., Inc. v. XFMRS, Inc.*, No. 07-CV-06222 RMW, 2012 U.S. Dist. LEXIS 83687, at *13 (N.D. Cal. June 15, 2012) (granting plaintiff's motion for a modification to the protective order to allow use of documents in Nevada action even though discovery in that action had closed); *Chromadex, Inc. v. Elysium Health, Inc.* No. SACV 16-02277-CJC(DFMx), 2020 U.S. Dist. LEXIS 51225, at *11 (C.D. Cal. Jan. 16, 2020) (upholding magistrate's order modifying protective order to allow use of documents in a collateral New York lawsuit); *Del Campo v. Am. Corrective Counseling Servs.,* No. C 01-21151 JW (PVT), 2008 U.S. Dist. LEXIS 120046, at *5 (N.D. Cal. Apr. 11, 2008) (granting intervenors' request to modify protective order to allow use of discovery in multiple collateral actions, provided discovery is reopened in those actions).

Yotta initially requested that Evolve consent to the modification of the protective order on August 3. Evolve did not advise Yotta that it refused to amend the Protective Order until September 10. Throughout this case, delay has been Evolve's *modus operandi*. This Court previously found that "Evolve simply never took the case schedule seriously" and that Evolve's dilatory conduct "is unacceptable." ECF No. 97 at 1-2.

Evolve's refusal to consent to the modification is at odds with its representations to the court in the State Court Action. In its demurrer seeking dismissal of Yotta's claims, Evolve repeatedly represented to the court that Yotta was permitted to use discovery in the instant case in the State Court Action. Evolve stated that the "legal flaws in Yotta's claims….persist even after Yotta had two previous chances to ***revise its pleadings***, ***most recently with the benefit of full discovery in the Northern District***." (emphasis added). Exhibit B, at p.3. Evolve similarly represented to the state court that "Yotta has now had three opportunities to plead legally sufficient claims against Evolve—including the chance to amend its allegations in light of full discovery in the Northern District." *Id.* at p. 25. Having taken the formal position that Yotta is permitted to use the instant discovery in the State Court Action, Evolve should not be permitted to attempt to stop Yotta from doing so.

Despite its representations to the state court, Evolve argues that these proposed amendments are problematic for two reasons. First, Evolve argues that the existence of the Ninth Circuit appeal somehow makes an application to modify the Protective Order premature. Wrong. Yotta has been unable to use discovery protected by the Order to draft or amend its complaint in the State Court Action. The parties are currently litigating the adequacy of the state court complaint, and the Protective Order is interfering with Yotta's ability to respond to Evolve's demurrer. Yotta is seriously contemplating amending the complaint in the State Court Action to include highly relevant evidence, but cannot do so until and unless the Protective Order is amended.

Second, Evolve cites a motion it has made to stay the State Court Action, claiming that "any request to modify the protective order in the Federal Action is an attempt to circumvent the authority of San Francisco Superior Court." This argument is frivolous. Under Cal. C. Civ. P. 472(a), Yotta has the right to amend its complaint until October 2, the deadline for Yotta to respond to Evolve's demurrer. This necessarily includes the right to add additional allegations, including those learned in discovery in this action. So this Court's Protective Order is the only thing preventing Yotta from amending its complaint. *See, e.g CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 206 (N.D. Cal. 2009) (modifying protective order to allow plaintiff to prepare and file collateral litigation while holding that discoverability of materials is for the collateral court to determine). Further, this Court's amendment of the Protective Order will have no impact whatsoever on the State Court's decision to grant or deny the requested stay. The edits only remove a barrier to the use of the documents in the State Court Action, should that action proceed. *Chromadex, Inc.*, 2020 U.S. Dist. LEXIS 51225, at *11 (by modifying protective order, magistrate judge simply lifted a "roadblock").

Defendant makes no attempt to apply the *Foltz* standard and instead cite three cases that are easily distinguishable. In *A.H. v. Wynn Las Vegas, LLC*, No. 2:24-cv-01041-GMN-NJK, 2026 U.S.

Dist. LEXIS 49529, at *11-12 (D. Nev. Mar. 9, 2026), the court denied intervenors' request to modify a protective order where the intervenors had either not filed suit or had their cases dismissed with prejudice, or, in the case of one intervenor, had already agreed to a stay of discovery. The collateral matters in *A.H.* did not involve both the same parties and the same claims, and the only intervenor with an active case had voluntarily agreed to stay discovery. *Id.* Here, there are no intervenors – Yotta and Evolve are parties to both cases, the California State Action is live, Yotta has not agreed to any discovery stay, and even if discovery is stayed the material at issue is relevant to the pending demurrer. Evolve also cites *In re Meta Pixel Tax Filing Cases* 812 F. Supp. 3d 981, 984 (N.D. Cal. 2025) and *Össur Ams. Inc. v. Ásgeirsson*, No. 8:23-cv-02454-JWH (JDEx), 2025 U.S. Dist. LEXIS 56646, at *8 (C.D. Cal. Mar. 26, 2025). In both cases, the courts denied requests to modify the protective order to allow the use of discovery in collateral actions involving forums that had more restrictive discovery rules (AAA arbitration and an Icelandic litigation). Those cases did not involve both the same parties and claims, there was limited risk of duplicative discovery, and the Court found the modifications were potentially a subversion of the restrictions in these forums, which is not true here.

There are two alternatives here: the parties are permitted to use discovery from the instant action in the State Court Action or the parties have to re-do discovery in the State Court Action—including re-taking over a dozen depositions. Evolve has no good faith basis to force the parties to re-do discovery. Evolve's opposition to this application is a transparent attempt to delay and increase the costs of litigating Yotta's claims. The Court should modify the Protective Order.

## II. DEFENDANT'S SECTION

Yotta's request to modify the Stipulated Protective Order to permit use of discovery materials from this action in the San Francisco Superior Court action (*Yotta Technologies Inc. v. Evolve Bank & Trust*, Case No. CGC-26-634858) is premature and should be denied.

### A. Background

On February 18, 2026, this Court dismissed this action for failure to join Synapse, a necessary and indispensable party whose joinder destroyed diversity, and thus this Court's jurisdiction over the dispute. Dkt. 158. Yotta then pursued two parallel and alternative routes. ***First***, Yotta appealed this Court's dismissal to the Ninth Circuit on March 11, 2026. Dkt. 160. ***Second***, the next day, Yotta filed a new complaint (its *third*) in California Superior Court, largely mirroring the last operative complaint in this action except in several key respects: it (1) injected confidential information gleaned through discovery in this action to supplement and amend Yotta's claims; and (2) emphasized Yotta's stated preference to continue litigating in federal court and to not proceed against Synapse. Because of Yotta's simultaneous litigation of the same claims in state and federal court, and to preserve court and party resources, Evolve moved to stay the Superior Court action pending Yotta's Ninth Circuit appeal. That motion will be heard September 28, 2026.[1]

Evolve should not be forced to litigate this action in two forums, and this Court should reject Yotta's attempt to circumvent the Superior Court's ability to control the litigation before it. Yotta has offered no colorable basis for its purported "need" to modify the Protective Order before the Superior Court rules on Evolve's pending Motion to Stay.

### B. The Proposed Modification is Premature and Presented for an Improper Purpose.

It is axiomatic that plaintiffs "are not entitled to discovery in order to allege sufficient facts to 'nudge its claim across the line from conceivable to plausible'" and "must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it." *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016); *see also In re German Automotive Manufacturers Antitrust Litigation*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) (applying *Persian Gulf*

[1] Consistent with the case schedule, Evolve has also demurred to Yotta's Superior Court Complaint. Yotta's response to Evolve's demurrer is due October 2nd.

where complaint was dismissed under Rule 12(b)(6)). Yotta's request to modify the Protective Order is a transparent attempt to circumvent that fundamental principle and the limitations on discovery in the Superior Court action. And, make no mistake, that is exactly what Yotta has said it intends to do. Indeed, in raising this dispute, Yotta says it is "seriously contemplating amending the [Superior Court] complaint" in response to Evolve's demurrer and requires discovery produced pursuant to the Protective Order to do so. But it is up to the Superior Court, not this Court, to determine whether to permit Yotta to use discovery tools and the materials obtained to state a claim. *Persian Gulf*, 225 F. Supp. 3d at 1180. And nothing in *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 206 (N.D. Cal. 2009) compels a different result. In *CBS*, the plaintiff identified specific documents that showed alleged wrongdoing that court found necessary to *initiate* a collateral action—there was no active presiding court that the plaintiff was actively attempting to circumvent. And Yotta's contention that CCP § 472(a) "necessarily" includes the right to amend based on discovery in another action has no support in code or law. Yotta should not be permitted to circumvent the Superior Court's control over its own procedures, including the timing and use of discovery, by seeking relief from this Court. Indeed, any "delay" claimed by Yotta is the direct result of its inability to sufficiently plead its claims against Evolve.[2]

As stated above, Evolve has moved to stay all proceedings in the Superior Court action, including discovery, pending resolution of Yotta's Ninth Circuit appeal of this Court's dismissal of the case. Moreover, if Evolve's demurrer to Yotta's Superior Court Complaint is sustained, the entire action will be resolved. Importantly, there is no trial date, no discovery schedule, and no case management order in the Superior Court action (indeed, because no Case Management Conference has even occurred). Under these circumstances, the Superior Court should first determine on its own whether that case should proceed at all, and then if it does whether discovery should proceed, before the Federal Court steps in to consider modification of the Protective Order. That is because permitting Yotta to import federal discovery materials into a state proceeding where there is a pending motion to stay—and where discovery may never proceed—would serve no purpose other than to circumvent the authority of the San Francisco Superior Court to manage its own docket. Nor should Yotta be permitted to use the tools of, and discovery obtained from, this action to amend—***for a fourth time***—its claims against Evolve. That is not how litigation works.

"District courts possess broad discretion in deciding whether to modify a protective order." *A.H. v. Wynn Las Vegas, LLC*, 2026 WL 673512, at *3 (D. Nev. Mar. 9, 2026). While the Ninth Circuit generally favors permitting the use of discovery materials in collateral litigation, "such relief is not to be granted automatically." *Id.* Among other things, the party must show the requested information "is generally discoverable in the collateral case to ensure that litigants are not using materials from one case as a means to 'subvert limitations on discovery in another proceeding.'" *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003)). With good reason: the "primary policy interest" in permitting protective orders to be modified is the prevention of duplicative discovery, and that rationale is "eviscerated when the material would not be discoverable in the collateral litigation as there is no potential for duplication." *A.H.*, 2026 WL 673512, at *3; *see also In re Meta Pixel Tax Filing Cases,* 812 F. Supp. 3d 981, 984 (N.D. Cal. 2025) (denying request to modify protective order where moving party failed to show the requested discovery could be obtained in the collateral action).

Yotta does not make that showing. Evolve's pending Motion to Stay will determine whether any discovery proceeds in the Superior Court action. It is that court's purview to determine how

---

[2] Yotta's complaints about Evolve's purported delay in communications regarding modification of the Protective Order are without merit. Tellingly, the Corrected Case Management Statement filed by Yotta on August 6, 2026 in the Superior Court removed the material misrepresentation that "[t]he parties agree that discovery materials from the federal action…may be used in this action and are in the process of seeking approval from the federal court to permit such use," and backtracked the statement that "[t]he parties have met and conferred extensively with respect to the subjects required by rule 3.724 of the California Rules of Court," precisely because neither actually happened. Yotta first asked Evolve to stipulate to modification on August 28th. Thereafter, Evolve responded promptly at each step; it did not ignore Yotta.

that action proceeds and what discovery, if any, should be permitted. Thus, there is simply no basis to modify the Protective Order unless and until the Superior Court decides that action (and discovery) should proceed. It is for this reason courts have recognized this precise concern and denied requests to modify protective orders in analogous situations. For example, in *A.H.*, 2026 WL 673512, at *5, the court declined to modify a protective order where the requesting parties sought to use discovery materials in collateral proceedings where discovery was stayed, dismissed, or not yet commenced. As the court explained, "[a]llowing [the movant] to use the discovery materials from this case would circumvent this limitation to discovery." *Id.* at *5 (citing *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 584 (S.D. Fla. 2014) ("The Court will not permit the instant proceeding to be used as a back door to obtain discovery for use in other proceedings in which discovery has been stayed.")). The court found that the intervenors "ha[d] not shown that there is any potential duplication of discovery to be prevented by the modification of the protective order" and that "[i]nstead, discovery as to these other matters is barred as either premature, stayed, or moot." *A.H.*, 2026 WL 673512, at *5. That is precisely the situation here. *Id.* at *3-5 (denying request to modify where plaintiffs failed to show that they would be able to obtain the requested discovery in the collateral proceeding); *In re Meta Pixel Tax Filing Cases,* 812 F. Supp. 3d at 984 (same); *Össur Americas Inc. v. Ásgeirsson*, 2025 WL 2683991, at *4 (C.D. Cal. Mar. 26, 2025) (same).[3] Should the Superior Court overrule the demurrer or allow discovery to proceed, then at that time, Yotta can visit this issue and Evolve will meet and confer and agree to reasonable modifications. That time has not come, and so this motion is premature and should be denied.

### C. <u>Yotta's Proffered Rationale For Modification Is Unpersuasive.</u>

That said, Yotta's request is not just premature, it is without substantive basis. Yotta's stated reasons for why it "needs" modification of the Protective Order at this time fail for the following reasons:

*First,* Yotta's contention that it requires modification to use protected materials to respond to Evolve's demurrer cannot be squared with basic civil procedure and seemingly concedes that Yotta's Superior Court Complaint is deficient. "[A] demurrer tests only the legal sufficiency of the pleading[.]" *Nolte v. Cedars-Sinai Med. Ctr.*, 236 Cal. App. 4th 1401, 1406 (2015). Thus, no outside evidence that is not judicially noticeable can be considered in opposition. More importantly, however, Yotta should not be permitted to upend the fundamental pleading requirement that a complaint plausibly plead claims on their face, without injecting subsequently gleaned discovery.

*Second,* Yotta's contention that Evolve somehow conceded discovery in the federal action should be allowed to be used in the Superior Court is wrong. Evolve's position is simply that, with the benefit of discovery, Yotta's complaint fails; not that it should be given discovery now to try and rectify those problems. Yotta's response is to concede that its Superior Court Complaint is defective, and so it will amend yet again. While it speaks volumes as to whether the case should proceed, the point here is that this Court should not permit Yotta to improperly use discovery from this action to circumvent the authority of the Superior Court and amend *ad infinitum*. Either Yotta's claims are sufficiently pleaded, or they are not.

Yotta has failed to demonstrate a reasonable need for modification of the Protective Order at this time. Accordingly, Evolve respectfully requests that the Court deny Yotta's request. At minimum, the Court should defer ruling until after the San Francisco Superior Court has resolved Evolve's Motion to Stay, which may obviate this request entirely.

[3] Each of these cases post-dates *Foltz* and reflects the continued application and refinement of its framework. Moreover, the *Foltz* facts are distinguishable. There, the collateral litigants sought modification to use discovery materials to prosecute existing claims in parallel state court actions involving substantially similar allegations—not to shore up a deficient complaint. *See Foltz*, 331 F.3d at 1131–33. Here, Yotta's stated purpose is not to avoid duplicative discovery; it is to use this proceeding's discovery to cure pleading deficiencies in another, precisely the kind of "subvert[ing] limitations on discovery in another proceeding" that *Foltz* cautioned against.